JOHN L. KRUSE AND CHAS. S. MOORE, APPELLANTS,
v. C. W. PRINDLE, RESPONDENT.

TWO CONVEYANCES EXECUTED AT THE SAME TIME between the same parties, and relating to the same subject-matter, should be construed together as forming parts of a single conveyance.

ASSIGNMENT FOR THE BENEFIT OF CREDITORS—BURDEN OF PROOF.—A creditor may make an assignment of his property in trust with a provision that it be converted into money, and the proceeds thereof distributed equally among his creditors, excepting such as may be secured by mortgage, and when such assignment is attached for fraud and illegality by a creditor, the *onus* is upon him to establish the fraud and illegality by proof, and in order to defeat it on that ground, it must be shown that the assignor and assignee both participated in the fraud.

APPEAL from Clackamas County.

One Thomas Robertson, having a mortgage upon certain real property, brought a suit of foreclosure against D. W. Williams, the mortgagor. Subsequent to the Robertson mortgage and on June 13, 1877, Williams, the mortgagor, had, so it was claimed, conveyed the mortgaged property to one C. W. Prindle, in trust for the benefit of his creditors. After the so-called trust conveyance to Prindle, and on November 10, 1877, one Kruse and one Moore obtained judgments against Williams and one Wittenberg. These judgments were rendered upon promissory notes executed by Williams and Wittenberg long prior to the conveyance to Prindle. In the Robertson foreclosure suit, Prindle, Kruse, and Moore were made parties defendant with Williams. The property was sold upon Robertson's foreclosure, and Robertson's mortgage paid. There then remained a surplus amounting to two thousand and seven hundred dollars. This suit relates to the distribution of this surplus. Prindle claimed under his alleged trust deed, while Kruse and Moore claimed a prior lien by virtue of their judgments of November 10, 1877.

The facts relating to the trust to Prindle are as follows: Williams executed a conveyance to the premises in question on the thirteenth of June, 1877, to Prindle in the usual form, and reciting that it was in consideration of one dollar,

"and other valuable consideration." This instrument was sealed, witnessed, and acknowledged in due form. On the same day Williams executed another instrument without seal or acknowledgment, which purported to convey the same premises to Prindle in trust for the payment of Williams' debts, giving preference to unsecured creditors.

It was claimed in behalf of Prindle that these two instruments were in effect one, and that they convey the premises to Prindle in trust for the creditors. It was claimed in behalf of Kruse and Moore, that the two instruments should not be construed together; that the deed was without consideration and is void as to creditors; that the instrument declaring the trust was a mere assignment in writing, and being without seal or acknowledgment, was inoperative; that at the time of making the conveyance Williams and Wittenberg were insolvent, and Prindle knew it, and that the conveyance was made to defraud Kruse and Moore. Williams had other property at the time of the conveyance.

The court ordered the surplus distributed as provided in the trust instrument, except that Kruse and Moore, who were not named in the list of creditors annexed thereto, should take *pro rata* with the other creditors. From this decree Kruse and Moore appealed.

*F. O. McCown and Richard Williams,* for appellants:

The deed from Williams and wife to Prindle did not create a trust against parties without notice. (Misc. Laws, sec. 771, 264; Hill on Trustees, 57, 112, 114, 117.) Kruse never had any notice of the paper in pleadings marked Exhibit "A," until it was filed, and if it is held to come within the statute of frauds, it certainly could not affect Kruse without notice. There is not a single word in the deed to indicate in the remotest degree that Prindle was charged with a trust as to the land.

When a deed purports to be an absolute conveyance in terms, "but is made, or is intended to be made, defeasible by force of a deed of defeasance or other instrument for that purpose, the original conveyance shall not be thereby defeated or affected as against any person other than the

maker of the defeasance, or his heirs or devisees or persons having actual notice thereof, unless the instrument of defeasance shall have been recorded." (Misc. Laws, sec. 28, 519; 3 Wend. 208; 12 Mass. 456; 38 Maine, 447.) As a matter of law the deed of defeasance should have been executed with the same formality as the original deed. (13 Mass. 543; 22 Pick. 526; 7 Watts, Penn. 261; 8 Maine, 43, 206; 1 Bouv. Law Dictionary, 477.).

In conclusion, we insist that it clearly appears in this case that Kruse and Moore loaned their money to Williams and Wittenberg; that they used due diligence to enforce the collection of the same, and obtained a lien by judgment on Williams' property; that Williams undertook to defeat its collection by an assignment to Prindle; that Prindle knew it; that it does not appear that there are any other creditors interested; that Prindle does not attempt to show, nor is it pretended to be shown, that there is another single individual interested in Williams' estate; that he does not claim that he is the legal owner of the land in question; that all the acts of Prindle and Williams were a fraud on the rights of Kruse and Moore; and that the defendants, Kruse and Moore, come into court with clean hands, and ask of the court that the wrongful and fraudulent acts of Prindle and Williams may be set aside, and their just claims paid.

*Catlin, Killen & Nicholas,* for respondent:

The question in construing an instrument is not whether a fraud may be committed by the assignee, but whether the provisions of the instrument are such that when carried out according to their apparent and reasonable intent they will be fraudulent in their operation? (Bump on Frd. Conv. 369, and cases there cited.) The property may be conveyed by deed and the trust created or declared by a separate instrument in writing subscribed by the party creating or declaring the trust. (Adams' Equity, 147, and note 2; 6 Cow. 705, 725.) No schedule, either of the creditors or property, need be annexed, unless preferences are made or release required. (Bump on Frd. Conv. 347, 348; 7 Pet. 608–614 (Curtis); 4 Mason, 206, 220.)

It is not necessary to have assent of creditors to the assignment. They are presumed to assent. It is not material whether or not the beneficiaries are apprised of the conveyances. (Bump on Frd. Conv. 339, 340. The assignment should not contain a provision for creditors to sign it, or to become parties to it. (Id. 340.) An exception in the deed, whereby a portion of the property of the insolvent is not conveyed, does not render the assignment void. (*Carpenter* v. *Underwood,* 19 N.Y. 520, 521.) The deed need not convey all the debtor's property. (21 N.Y. 25.)

Williams had a right to prefer creditors, though the preference would defeat all others. (Bump on Frd. Conv. 304; 11 Wheat. 78.) Assent of creditors to the assignment is presumed, and the refusal of a portion of creditors does not render deed void. (Bump, 342; 4 Mason, 217.) "It is not sufficient to invalidate an assignment that the debtor, at the time of making it, is embarrassed or executes it voluntarily or without the request or knowledge of the creditors. It is not necessary that the creditors shall be consulted or that the fact shall appear upon the face of the deed. The assignment may convey all the debtor's property. It need not convey at all." (Bump on Frd. Conv. 371.) The right to make an assignment is an incident to the ownship of property. (7 Pet. 614.)

Intent to hinder and delay creditors; what necessary. (Bump on Frd. Conv. 356; 4 B. Monroe, 430, 431.) Fraudulent intent; what is. (Id. 362.) The fraud must be in the beginning. (Id.) Fraudulent intent upon the part of the debtor alone is not sufficient. Either the assignee or creditors must participate in the fraud to render the conveyance void. (Bump on Frd. Conv. 363; *Bouser* v. *Miller,* 5 Og. 110.) The assignment is upon a valuable consideration. (Bump on Frd. Conv. 363, 364, 556; 4 Mason, 214.)

By the Court, PRIM, J.:

The only questions presented here for determination are: 1. Did Williams and Prindle collude and conspire together and cause the said conveyance to be made for the purpose

of defrauding Kruse and Moore, and to prevent them from collecting their debts? 2. Was the said conveyance made without consideration? The facts developed in this case show that both of these questions should be answered and determined in the negative.

The appellants having charged Williams and Prindle with collusion and conspiracy in procuring this conveyance to be made for the purpose of defrauding and preventing them from collecting their debts, the *onus* is upon them to prove it by legal and competent evidence. This they have failed to do. (Bump on Frd. Conv. 368.) These conveyances having been made and executed on the same day, and between the same parties, and relating to the same subject-matter, should be treated and considered together as one instrument. (*Cornell* v. *Todd*, 2 Denio, 130.)

In this case the evidence not only fails to show collusion and conspiracy between Williams and Prindle with intent to delay or defraud the appellants, but on the contrary, it shows that Williams was an insolvent debtor, and that these conveyances were executed for the purpose of making an equal distribution of the proceeds of his property among his creditors. The fact that such creditors as were secured by mortgage were preferred in said assignment, did not vitiate and render the same void, as under the law a debtor has the right to prefer one creditor to another. (Bump on Frd. Conv. 344; 11 Wend. 241; 3 Paige, 537; 11 Wheaton, 556.)

A special defense is made in the answer of Prindle against the claim of Kruse, upon the ground that the assignor, Williams, was, in fact, surety in that case, and that the debt was secured by a chattel mortgage, which Kruse had failed to enforce, by which he was released as such surety. In the recorded deed, the considerations recited are one dollar, and other valuable considerations, which have been fully shown in this case.

It was urged, on the argument of the case, that Williams had no interest in the property to assign after having executed the recorded deed. We regard that argument as extremely technical, and entitled to no weight, and especially

when we find that they were both executed at the same time.   There being no evidence showing fraud in the execution or delivery of these deeds of assignment, either on the part of the assignor or assignee, they should be upheld and sustained by a court of equity.

The decree of the court below is affirmed.