[Civil No. 162.   Filed May 30, 1886.]

[S. C. 11 Pac. 58.]

# E. ROCHESTER, Plaintiff and Appellant, v. M. J. SULLI-VAN et al., Defendants and Respondents.

1. FRAUDULENT CONVEYANCE—STATUTE OF FRAUDS—COMP. LAWS 1877, p. 363 par. 2133 CONSTRUED.—§ 20 of chap. 36 of the Compiled Laws, *idem supra*, is a limitation upon the absolute right of disposition of property by its owner, in that he may not sell and convey his property if in so doing he have the express or implied intent to hinder, delay or defraud his creditors.

2. SAME—ASSIGNMENT FOR BENEFIT OF CREDITORS—BURDEN OF PROOF OF FRAUDULENT INTENT ON CREDITOR ATTACKING CONVEYANCE—CONSTRUCTION OF SUCH CONVEYANCES—FAILING DEBTOR MAY ASSIGN FOR BENEFIT OF CREDITORS—ASSIGNMENT VOID IF FRAUDULENT INTENT BE PROVED OR THE ASSIGNMENT SHOWS AN ACTUAL FRAUD.—Where it is charged that a conveyance is of this character, the onus is upon the creditor who assails the assignment to show that it is in plain violation of the law. The same fair and reasonable rules of construction must be applied to such conveyances as·are adopted in ascertaining the meaning of other instruments.   The doctrine that a man in failing circumstances may assign his property for the benefit of all his creditors, provided he does so in good faith, has become too well established to now be questioned.   If, however, a fraudulent intent be proved, or if the terms of the assignment itself show that a fraud has actually been committed the assignment is in violation of the statute and void.

3. SAME—CONSTRUCTION—PROVISION FOR POSSESSION BY GRANTOR OF REAL ESTATE NOT PRESUMPTIVE FRAUD—RULE AS TO RETENTION OF POSSESSION IN TRANSFERS OF REAL PROPERTY DIFFERENT FROM TRANSFERS OF PERSONAL PROPERTY—UNREASONABLE DELAY IN SELLING ASSIGNED PROPERTY—ONE YEAR REASONABLE TIME.—Where a conveyance of real property is made to a trustee for the benefit of the creditors of the grantor, with a provision for possession by the vendor, such provision is not presumptive evidence of fraud, though it would be had personal property been assigned.   To hold otherwise would be in effect to abolish the distinction between personal and real property, and to lose sight of the different methods of conveying the title to the two kinds of property.   It is the law that the postponement to an unreasonable time of the time of sale will avoid the assignment.   Less than one year is not unreasonable.

4. Same—Where Assignment Shows That the Property Is to Be Devoted to the Payment of All Debts of Grantors and There Is no Evidence of Fraud in Fact Presumption in Favor of Validity.—Where an assignment places the property in the hands of a trustee to be devoted to the payment of all the debts of the grantors, with no evidence of fraud in fact, the court must assume that it was made in good faith, and for the benefit of the creditors, rather than for their injury, and the court cannot say that it is fraudulent as a matter of law.

APPEAL from a judgment of the County Court of Pima County. Affirmed.

The facts are stated in the opinion.

Hereford & Lovell, for Appellant. Haynes & Stiles, of Counsel.

The conveyance shows upon its face that it was made to hinder, delay and defraud creditors, and falls fully within the prohibitions contained in sections 20, chapter 36 of the Compiled Laws, concerning fraudulent conveyances. The intention of the assignors to be gathered from the instrument. Wait on Fraudulent Conveyances, paragraphs 9-10.

Words hinder, delay or defraud not synonymous. A conveyance made either to hinder, delay or defraud is void. Wait, par. 11; *Crow* v. *Beardsley*, 68 Mo. 439; *Burgert* v. *Borchert*, 59 Mo. 83.

A fraud upon creditors is any act which by intention withdraws the property of the debtor from their reach. *McKibbin* v. *Martin*, 64 Pa. St. 352, 3 Am. Rep. 588.

Purpose to hinder and delay clear upon face of instrument because it expressly delays for six months. Bump on Fraudulent Conveyances, page 412.

See Pomeroy's Equity, paragraph 994, and note I; Bump on Fraudulent Conveyances, page 368; *Grover* v. *Wakeman*, II Wend. 187, 25 Am. Dec. 624; Legal right in Bump on fraudulent conveyances, pages 370, 371, 411; *Van Nest* v. *Voe*, I. Sanford Chancery, page 4; *Planck* v. *Schermerhorn*, 3 Barb. Ch. 644; *London* v. *Parsley*, 52 N. C. 313; *Burt* v. *McKenstry*, 4 Minn. 204, 77 Am. Dec. 507; *Lehmer* v. *Herr*,

62 Ky. (I. Duvall) 360; *Holmberg* v. *Dean*, 21 Kan. 73; *Gardner* v. *Commercial Bank*, 95 Ill. 298, 10 Reporter, page 300; *German Ins. Bank* v. *Nunes*, 14 Reporter, 206.

Where it appears from the face of the assignment that it was made to prevent a sacrifice of the property in the interest of the assignor and not the creditors, such deed is fraudulent and void as to creditors. Wait on Fraudulent Conveyances, sec. 325, and note containing citations. *Dunham* v. *Wattermon*, 17 N. Y. 9, 72 Am. Dec. 406; Burrill on Assignments, 3d Edition, page 471, 460 and notes 3 and 4.

Anderson & Anderson, for Respondents.

The general rules of construction of assignments for benefit of creditors are the same as those applicable to other instruments. Wait on Fraudulent Conveyances, sec. 343. Bump on Fraudulent Conveyances, 367; Burrill on Assignments, pp. 456-7.

In Arizona there is no special legislation on this subject. Such instruments are regulated by the Territorial Statutes on fraudulent conveyancing which are substantially the same as 13 Eliz. C. 5, the statutes of conveyancing in general, and the common law. Burrill on Assignments, Chap. II.

The "Insolvent Act," passed at the last session of the Arizona Legislature, does not take away the right to make general assignment for the benefit of creditors. That right exists independently of statute, and is based upon the common law. Burrill on Assignments, sec. 47; *Cook* v. *Rogers*, 31 Mich. 396; *Mayer* v. *Hellman*, 13 N. B. R. 440; Burrill on Assmts. page 68, note I.

Condition that no sale shall be made does not make the instrument void. Burrill on Assignments, sec. 298; Bump on Fraud. Con. p. 411; Burrill, sec. 206.

A reasonable time to execute the trust is allowed by the law, and in this connection has regard to the character of the property and the condition of the markets. Bump Fraud. Con. p. 411; Burrill on Assmts. sec. 214.

For what constitutes reasonable time, see *Hafner* v. *Irwin*, 23 N. C. 490; *Carnon* v. *Peebles*, 27 N. C. 449; *Gilmer* v. *Earnhardt*, 46 N. C. 559; *Young* v. *Bool*, 33 N. C. 347; *Mc-*

*Coy* v. *Hugus,* 6 Watts, 345; *Graham* v. *Lockhart,* 8 Ala. 9; *Farquharson* v. *McDonald,* 2 Heisk. 404; *Coleman* v. *Raynor,* 3 Cold. 28; Bump Fraud. Con. p. 412, note; *Dana* v. *Bank of United States,* 5 W. & S. 223; Burrill on Assignments, sec. 214; *Dance* v. *Seaman,* 11 Gratt. 778; *Cochran* v. *Paris,* 11 Gratt. 348; *Gilmer* v. *Earnhardt,* 46 N. C. 559; *Farmers' Bk. of Va.* v. *Douglas,* 11 S. & M. 469; *Bennett* v. *Union Bk. of Tenn.,* 5 Humph. 612.

Upon the face of the deed there is nothing to indicate that the assignees were insolvent. ''The burden of proving insolvency rests upon the creditor assailing the assignment.'' Bump's Fraud. Con. p. 374.

Definitions of insolvency contained in Wait on Fraud. Con., sec. 143; Burrill on Assmts., secs. 62 and 63.

BARNES, J.—This was a suit to set aside a conveyance made by the appellees of the property described in the conveyance, on the ground that it was executed to hinder delay, and defraud creditors, in violation of section 20 of chapter 36 of the Compiled Laws of the territory of Arizona. The appellees, it appears, were indebted to L. Zeckendorf & Co. in the sum of about $1,500, and to the appellant in the sum of $960, and to two other creditors to the amount of about $800. The deed conveys to Albert Steinfield, of the firm of L. Zeckendorf & Co., in trust to secure the payment of the said indebtedness. It provides that six months from its date sufficient of the property is to be sold at public sale to pay one-half of the indebtedness, and, at the expiration of one year, the remainder is to be sold, and the proceeds to be paid on the remainder of the indebtedness. The grantors were to retain possession of the property until sales were made. The deed was executed on the first day of July, 1885, and on the seventh day of September, 1885, appellant obtained judgment against appellees for the amount of their debt. Execution was issued and retained *nulla bona.* Appellant then commenced this suit to set aside the deed of assignment, on the ground that it was made with the intent to hinder, delay and defraud creditors. No evidence was introduced outside of the deed, and it is not claimed that there was any fraud in fact in the execution of the deed; but it is insisted that

the deed upon its face, as a matter of law, is fraudulent and void.

Section 20 of chapter 36 of the Compiled Laws of Arizona is similar to statutes which have been enacted in nearly all the states, and is an enactment of the statute 13 Eliz. c. 5, commonly known as the "Statute of Elizabeth." Probably there is no legislation which has been engrafted onto the common law of England which has been more discussed by the bar, and considered by the courts, and written about by the commentators of the law. Prior to that statute the owner had absolute dominion over his own property, to do with it according to his own good will and pleasure; and, within the limits prescribed by law, might make any disposition of it. He might sell it or give it away; he might contract debts to be satisfied out of it; confess judgments and create liens upon it. Bump. Fraud. Conv. 13. This act of 13 Eliz. is a limitation upon that right, and the owner may not sell and convey his property if in so doing he have the express or implied intent to hinder, delay or defraud his creditors. Where it is charged that a conveyance is of this character, the *onus* is upon the creditor who assails the assignment to show that it is in plain violation of the law. *Townsend* v. *Stearns,* 32 N. Y. 209; *Kruse* v. *Pringle,* 8 Or. 158. The same fair and reasonable rules of construction must be applied to such conveyances as are adopted in ascertaining the meaning of other instruments. *Whipple* v. *Pope,* 33 Ill. 334; Bump. Fraud. Conv. 365. This statute was carefully construed in *Meux* v. *Howell,* 4 East, 1, 13. In the court of the king's bench Lord Ellenborough there held that "while every assignment of a man's property, however good and honest the consideration, must diminish the fund out of which satisfaction is to be made to his creditors, yet that assignment must be devised of malice, fraud or the like to bring it within the statute." In the case of *Pickstock* v. *Lyster,* 3 Maule & S. 371, it was held that "the actual intent to defeat the particular creditor of his execution was not considered of itself sufficient to defeat the statute, the assignment being for the benefit of all the creditors." The supreme court of the United States in *Reed* v. *McIntyre,* 98 U. S. 507, quotes this case with approbation, and lays down the doctrine that

where the provisions of the assignment are consistent with an honest purpose to deal honestly and fairly with the creditors, the assignment reserving for the benefit of the debtor or his family no interest in the property, and imposing no improper restrictions upon its speedy sale and satisfaction of the debts, the consequent temporary delay in the prosecution by particular creditors of their claims by the ordinary legal remedies was regarded as a necessary and unavoidable incident of a discharge by a debtor of his duty to creditors. In *Pickstock* v. *Lyster,* 3 Maule & S 371. Lord Ellenborough held that the deed was not fraudulent, but was for the fair purpose of equal distribution, and Bagley, J., said: "It seems to me that this conveyance, so far from being fraudulent, was the most honest act the party could do." To the like effect are the authorities generally, as will be seen from an examination of the adjudicated cases cited in Burrill, Assign, § 319, and 1 Amer. Lead. Cas. 71, and *Reed* v. *McIntyre,* 98 U. S. 507. The same doctrine has been decided in New York, *Wilder* v. *Winne,* 6 Cow. 284; *Wilder* v. *Fondey,* 4 Wend. 100; in Louisiana, *United States* v. *United States Bank,* 8 Rob. (La.) 262; in Mississippi, *Farmers' Bank* v. *Douglass,* 11 Smedes & M. 469; in North Carolina, *Hafner* v. *Irwin,* 23 N. C., (1 Ired.) 490,—in that case a portion of the creditors were excluded from the benefits of the assignment, and yet the court held that it did not fall under the operation of the statute; in Virginia, in *Dance* v. *Seaman,* 11 Grat. 778; and in Florida, *Cotton* v. *County Commissioners,* 6 Fla. 610; in Michigan, *Hollister* v. *Loud,* 2 Mich. 316; in Indiana, *Church* v. *Drummond,* 7 Ind. 17; in Illinois, *Gardner* v. *Commercial Bank,* 95 Ill. 298; in Ohio, *Hoffman* v. *Mackall,* 5 Ohio St. 124, 64 Am. Dec. 635.

The doctrine that a man in failing circumstances, unable to pay his debts, may assign his property for the benefit of all of his creditors, provided he did so in good faith, has become too well established to now be questioned. If, however, a fraudulent intent be proved, or if the terms of the assignment itself show that a fraud has actually been committed, the assignment is in violation of the statute and void.

It is claimed that this conveyance is fraudulent for the reason that it leaves the possession of the property from the

time of the assignment to the time of the sale provided for, in the grantors. This would of itself be fraudulent if personal property were assigned in the conveyance. The rule, however, is different with reference to real estate. Burrill, Assign. §§ 276, 277 and notes and cases cited; Bump. Fraud. Conv. 121, 122 and cases cited. "To hold that the possession of real estate by the vendor is *per se* presumptive evidence of fraud would be in effect to abolish the distinction known and acknowledged between personal and real property, and to lose sight of the different methods of conveying the title to the two kinds of property."

It is contended, further, that the deed is fraudulent on account of an unreasonable delay of the time of the sale. The deed provides that after six months enough of the property shall be sold to pay one-half of the indebtedness, and at the end of twelve months the balance shall be sold. It is the law that the postponement to an unreasonable time of the time of sale will avoid the assignment. If the period be reasonable, however, such a stipulation will be valid. There has been much discussion as to what constituted unreasonable delay to avoid the assignment. The authorities will be found in Burrill, Assign. §§ 214, 215 and cases cited. The overwhelming weight of authority has agreed that less than one year is not unreasonable. While cases may be found holding that a longer term than one year does not invalidate the assignment, yet those cases are based upon peculiar circumstances, and are against the great weight of authority. See Bump. Fraud. Conv. 412 and cases cited.

The assignment before us places the property in the hands of a trustee, to be devoted, so far as this evidence shows, to the payment of all the debts of the grantors, with no evidence of fraud in fact. The court must assume that this conveyance was made in good faith, for the benefit and for the protection of the creditors, rather than for their injury, and the court cannot say that this conveyance is fraudulent as a matter of law.

The judgment of the court below is affirmed.

Porter, J., concurs.