[Civil No. 672.   Filed November 1, 1899.]

[59 Pac. 109.]

JASPER M. ROUNTREE et al., Defendants and Appellants, v: ALEXANDER MARSHALL, Plaintiff and Appellee.

1. FRAUDULENT CONVEYANCES—ACTION BY JUDGMENT CREDITOR TO SET ASIDE—PLEADING—SUFFICIENCY.—In an action by a judgment creditor to cancel a conveyance by his debtor, an allegation that the conveyance was made for the purpose of hindering and delaying the plaintiff in the collection of the debt upon which the said judgment was rendered, and was without consideration, fraudulent, and void as to this plaintiff, is sufficient to sustain a judgment in the absence of a demurrer.

2. SAME—EXECUTION—MAY BE LEVIED ON PROPERTY WITHOUT BRINGING ACTION TO CANCEL FRAUDULENT CONVEYANCE—REV. STATS. ARIZ. 1887, SEC. 2031, CONSTRUED.—Under the statute, *supra,* an attempted transfer by a fraudulent grantor is ineffectual to divest him of the legal title, and a creditor may levy upon and sell the property as if no conveyance had ever been made by the debtor.

3. SAME—EVIDENCE—SUFFICIENCY—FRAUDULENT INTENT OF VENDOR—VENDEE'S KNOWLEDGE OF INTENT.—Where the evidence establishes the fraudulent intent of the debtor in making the conveyance, and the full knowledge of the vendee of such intent, a judgment canceling the conveyance will not be set aside.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Webster Street, Judge. Affirmed.

The facts are stated in the opinion.

A. C. Baker, and J. L. B. Alexander, for Appellants.

C. F. Ainsworth, for Appellee.

DOAN, J.—This action was brought by the appellee herein on May 22, 1897, in the district court of Maricopa County, against the appellant and one Marcus Jacobs, to recover the possession of certain real estate, with the rents and profits thereof, stated to be worth the sum of fifty dollars per month, and asking that the title to the premises be quieted in the appellee, that he have possession thereof, and that a conveyance from one William Ruff to the appellant, Rountree, be declared fraudulent and void, and canceled as a cloud upon the title. The facts, as disclosed by the evidence, were as follows: The appellee had recovered a judgment in the district court of Maricopa County on April 6, 1895, against William Ruff, for the sum of $3,200 and interest and costs. At the time the action was brought, Ruff was the owner of the property in question. After contracting the debt·upon which the judgment aforesaid was rendered, and while the action therefor was pending, Ruff conveyed to the appellant, Rountree, all the property, real and personal, then owned by him. Afterwards, on January 8, 1895, Rountree conveyed a portion of the premises in question to the said Marcus Jacobs. Since the commencement of the present action, the said Jacobs has reconveyed the said property to Rountree. Upon the aforesaid judgment, rendered on April 5, 1895, against Ruff, an execution was duly issued, and levied upon the property now in question. The property was sold on execution under the judgment, and a deed issued to the appellee, Marshall. The complaint alleged that the conveyances by Ruff to the defendant Rountree, and by Rountree to Jacobs, were all made for the purpose of hindering and delaying the plaintiff (this appellee) from collecting his debt upon which the said judgment was rendered, as aforesaid, and that all said conveyances were without consideration, and fraudulent and void as to this appellee; that, at the time of the rendition of the judgment, the issuance and levy of the execution, and the sale of the premises, the said Ruff had no other property in this territory subject to execution. The appellant answered by general denial, and further alleged that on the first day of December, 1894, when the aforesaid transfer was made.

Ruff was indebted to him, the said Rountree, in the sum of $2,261; that Ruff was indebted to one Haskell in the sum of $1,076, which was secured by a mortgage on a portion of the described property, and to various other parties in divers sums and amounts; that on the first day of December, 1894, Ruff transferred the property in question to Rountree in payment of the aforesaid indebtedness of $2,261, and in further consideration of the assumption and payment by Rountree of the aforesaid indebtedness to Haskell and others; that thereupon the said appellant, Rountree, canceled the indebtedness of Ruff to himself, paid the amount due Haskell, and caused the mortgage to be discharged, and paid other debts and accounts of the said Ruff. The case was tried upon the evidence introduced by both parties in the court below. The defendant Rountree gave in detail the facts and circumstances of the transaction between himself and Ruff, and thereupon the court found that upon April 6, 1895, the appellee herein recovered judgment against William Ruff for $3,200 and costs; that the said Ruff was the owner of the property now in question at the time he contracted the debt for which the judgment was rendered; that, pending the action, the said Ruff, on December 1, 1894, conveyed to Rountree the property in question; that on July 17, 1895, an execution was issued on said judgment against the property of said Ruff, and returned unsatisfied; that thereafter an alias execution was issued and levied upon this property, and that, after due notice, the same was sold by the sheriff, and a deed therefor executed to Marshall, the appellee; that the conveyances from said Ruff to Rountree, and from Rountree to Jacobs, were all made for the purpose of hindering and delaying Marshall in the collection of the debt upon which judgment was rendered, and were all fraudulent and void as to Marshall, the appellee herein; that the purposes of the said conveyances and the fraudulent intent of Ruff were known to Rountree at the time the conveyances were made to him; that, at the time of the conveyance of said premises by Ruff to Rountree, a portion of the same was encumbered by a mortgage amounting to $1,076; that since such conveyance the encumbrance had been paid and the mortgage satisfied by the said Rountree; the said Rountree had, ever since the conveyance, been in possession of the property; that the reasonable rent of said

premises, exclusive of the encumbered property aforesaid, was twenty-five dollars per month. Thereupon judgment was rendered in favor of the appellee, Marshall, and against the appellant, Rountree, for the immediate possession of the unencumbered portion of said property, and the sum of two hundred and fifty dollars for the use and occupation of the same, and costs, and that upon the payment of $1,076 within ninety days from the date of said judgment by the appellee, Marshall, to the appellant, Rountree, the appellee have possession of that portion of the premises that had been encumbered by the said mortgage of $1,076. The deeds from Ruff to Rountree and from Rountree to Jacobs were each and all adjudged to be fraudulent and void, and were set aside as a cloud upon the title of the appellee, Marshall, to the premises therein described, and it was ordered, adjudged, and decreed that, upon the payment of the $1,076 aforesaid, the title to all said premises be quieted in the said appellee, Marshall. From this judgment, and the order denying a motion for a new trial, the defendant appealed, and assigns as errors—First, that the complaint does not state facts sufficient to constitute a cause of action, because of the insufficient allegation of fraud therein; second, because it appears that the title claimed by the sheriff's deed was only the "right, title, interest, and claim" had by Ruff in and to the lands on the sixth day of April, 1895, and that prior to that time Ruff had conveyed away said lands; third, that the evidence is not sufficient to warrant the conclusion of the court that the conveyance by Ruff to Rountree was fraudulent.

The complaint alleges "that the said conveyance by said Wm. Ruff to the defendant Jasper M. Rountree, and by the said Jasper M. Rountree to said M. Jacobs, were each and all of them made for the purpose of hindering and delaying this plaintiff in the collection of the debt upon which the said judgment was rendered, and were each and all of them without consideration, fraudulent, and void as to this plaintiff." Whatever might have been held if the point had been raised by demurrer to the complaint, the allegation is certainly sufficient to sustain a judgment, in the absence of a demurrer.

2. The next assignment is based upon the legal proposition that Ruff's deed of December 1, 1894, transferred his title to, and interest in, this property to Rountree, and that, until this

transaction should be attacked for fraud and such transfer be vacated or set aside, the legal title was in Rountree, and beyond the reach of legal process against Ruff, and that, therefore, the levy on, and sale of Ruff's title to and interest in, the property after such deed, and before any proceedings for the cancellation thereof, conveyed nothing to Marshall. If the transaction was voidable, that doctrine would apply. But a deed in fraud of the rights of creditors is absolutely void. Such a deed can convey no legal interest. Mr. Freeman says on this subject: "A transfer made to hinder, delay, or defraud creditors, while as between the parties it conveys the title, has as against a creditor proceeding under execution, no such effect. As against the fraudulent transferee, the creditor may seize the property, whether real or personal, as that of the fraudulent vendor, and may sell it under execution. The title transferred by such sale is not a mere equity; it is the legal title itself, against which the fraudulent transfer is no transfer at all." Freeman on Executions, sec. 136. This rule is especially enacted by statute in our territory. The Revised Statutes (par. 2031) provides: "Every transfer of any estate, real or personal, with intent to delay, hinder or defraud creditors of or from what they are or may be lawfully entitled to shall, as to such creditors, be void." The supreme court of California has decided, under a statute almost identical with ours, that the attempted transfer by the fraudulent grantor was ineffectual to devest him of the legal title, and vest such title in the grantee, and therefore did not place the grantor's title beyond the reach of legal process invoked in aid of a *bona fide* creditor of such fraudulent grantor, but that, such conveyance being void, a creditor, ignoring the ineffectual attempt of the fraudulent grantor to make such transfer, could levy upon and sell the property as if no conveyance had ever been made by the debtor. *Bull* v. *Ford*, 66 Cal. 176, 4 Pac. 1175; *Judson* v. *Lyford*, 84 Cal. 505, 24 Pac. 286. Ruff's title never having been transferred as to the plaintiff Marshall, the levy upon and sale of such "right, title, and interest," under execution against Ruff, was, in effect, the levy upon and sale of the entire title to the land, notwithstanding the former attempted transfer by Ruff under the fraudulent deed of Rountree.

    3. This brings us to the consideration of the proposition

that the evidence is not sufficient to warrant the conclusion of the court that the conveyance by Ruff to Rountree was fraudulent. The evidence is conclusive that Rountree was in this instance a fraudulent vendee. His own testimony furnished sufficient evidence of the fraudulent intent of Ruff in making the conveyance, and of his full knowledge of such intent, if not, indeed, of his active complicity with Ruff in the matter. In the language of the court, in the case of *Bartles* v. *Gibson* (C. C.) 17 Fed. 293: "The circumstances show that he must have known of the fraudulent intent of his grantor, and if so, or if he had knowledge of facts sufficient to excite the suspicion of a prudent man and put him on inquiry, he made himself a party to the fraud." There is nothing in the record that would call for a disturbance of the findings or judgment of the court below. The judgment is therefore affirmed.

Sloan, J., and Davis, J., concur.