[Civil No. 784.  Filed March 20, 1903.]

[71 Pac. 935.]

## MARTIN COSTELLO, Plaintiff and Appellant, v. SAMUEL FRIEDMAN et al., Defendants and Appellees.

1. TRUSTS — TO DEFRAUD CREDITORS — EVIDENCE — BURDEN OF PROOF.— Where a plaintiff seeks to show that property is held in trust in fraud of creditors, the burden is upon him to establish that fact by full, clear, and convincing evidence.

2. SAME — OPTION TO PURCHASE — TITLE — REMAINS IN VENDOR UNTIL PAYMENT.—Evidence that a purchaser at an execution sale agreed with the judgment debtor that on payment to him of the purchase price, with interest thereon, he would reconvey the same, and that the judgment debtor paid part of the purchase price, but failed to pay the balance, does not create any trust in favor of the judgment debtor, but a mere option to purchase, and the title to the property remains in the vendor until the payment of the purchase price.

3. APPEAL AND ERROR—FINDINGS—EVIDENCE—SUFFICIENCY—REVIEW.— Sufficient evidence appearing in the record to support the findings of the lower court, they will not be disturbed on appeal.

4. EXECUTION — SALE — PURCHASER — ACQUIRES DEBTOR'S TITLE — NO MORE.—A purchaser under judicial sale acquires just such title as the execution debtor had at the time of such sale, and if the execution debtor was not the owner of the property at the time of the sale, the purchaser acquires no title thereto.

5. EQUITY—SPECIFIC PERFORMANCE—RIGHT TO—DEPENDENT UPON PERFORMANCE OF ALL CONDITIONS PRECEDENT.—The right to specific performance is dependent upon full performance by a vendee, or any one in his right, of all conditions precedent required from him.

6. EXECUTION—SALE—SHERIFF'S DEED—STANDS ON SAME FOOTING AS WOULD DEBTOR'S.—Where a judgment debtor could not have executed a deed conveying certain property which he had contracted to purchase, without full payment and full performance of the purchase agreement on his part, the sheriff's deed to said premises, based upon sale under execution against such debtor, could convey no title thereto.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. George R. Davis, Judge. Affirmed.

The facts are stated in the opinion.

James Reilly, and Herring & Mitchell, for Appellant.

Wright & Fleming, for Appellees.

The burden of proving a trust rests upon him who asserts it, and it is not enough to generate doubt and uncertainty. *Lehman* v. *Lewis,* 62 Ala. 129; *Whitmore* v. *Learned,* 70 Me. 276; *Neyland* v. *Bendy,* 69 Tex. 711, 7 S. W. 497; *Green* v. *Dietrich,* 114 Ill. 636, 3 N. E. 800.

DOAN, J.—On the 12th of July, 1895, the property in dispute in this case—a town lot in the town of Benson, Cochise County, Arizona—was sold to P. J. Delahanty by the sheriff under an execution issued upon a judgment in the district court in favor of Harris & Co. against Samuel Friedman. No redemption having been made, the sheriff afterward, on May 13, 1896, executed a deed conveying the lot to Delahanty. On May 10, 1899, the same property was again sold by the sheriff of Cochise County to Martin Costello under an execution issued out of the same court on a judgment recovered on May 18, 1896, by Martin Costello against the said Samuel Friedman; and, no redemption having been made, the sheriff afterward, on November 16, 1899, executed a deed conveying the said lot to Costello.

It is conceded that the legal title to the said property has been in the defendant Delahanty since May 13, 1896, but the contention of the plaintiff below (appellant in this case) is that Delahanty has held the legal title simply in trust for Friedman, who at the time of the sale to Costello was the equitable owner of the property. This action was brought by Costello to have his title under the sheriff's deed settled and quieted. It was alleged in the complaint that, at the time of the sheriff's sale of the lot to Delahanty, Friedman, with the intent and purpose of hindering, delaying, and defrauding his creditors, procured Delahanty to advance the money to purchase the said lot, and to take the title thereto in his (Delahanty's) name, and hold the same for him (Friedman) as security for the repayment of said advances and interest, and that Delahanty agreed with Friedman to advance the money to purchase the said lot, and to take the title thereto, and to hold the same for Friedman as security for the money advanced, and that Delahanty purchased the lot

and took the title thereto in pursuance of the said agreement; that Friedman had paid to Delahanty all the money advanced by Delahanty for the purchase of the lot, with interest thereon, but declined to cause Delahanty to reconvey the lot to him, preferring to let the title to the same remain in Delahanty, for the purpose and with the intent of hindering, delaying, and defrauding his creditors, and particularly the plaintiff, of their just demands; that for two years prior to May 10, 1899, Friedman was the equitable owner of the property, and Delahanty held the title thereto in trust for him. Delahanty, in his answer, denied that at any time he held the title to the lot in trust for Friedman. Denied that he purchased the lot at the said sale because of any agreement between himself and Friedman. Denied that Friedman had any part in the said premises, or was in any way or to any extent interested therein, but alleged that, after the purchase by him of the lot at the said sale, he entered into an oral agreement to and with Friedman whereby it was agreed that Friedman should retain the possession of the property, keep the same in repair, pay all taxes, and pay to Delahanty the amount the property had cost him to purchase it at the said sale, together with interest, and that Delahanty agreed, on his part, that he would, on full compliance by Friedman with the said agreement, then convey the said lot to Friedman; that pursuant to said agreement, and by virtue thereof, Friedman retained possession of the property, paid all taxes thereon, and paid to Delahanty a portion of the purchase price; that Delahanty demanded of Friedman the remainder due him on said agreement, and notified Friedman that, unless such remainder were paid, he would at once rescind and end said agreement; that Friedman on such demand refused to pay the balance due, and advised Delahanty that he would not pay the same, and that he was content to have the said contract rescinded and ended, whereupon the said agreement was, by the consent of both parties, ended and rescinded. The answer of Friedman alleged that Delahanty was the owner in fee simple of the premises in question, and that Friedman had no interest in said property, at law or in equity; that Friedman had occupied the premises as a tenant of Delahanty ever since the said Delahanty acquired title thereto.

These allegations and denials in the pleadings placed directly before the court, as the main or controlling issue in the case, the question whether Delahanty acquired the property at the sheriff's sale in such manner that there was a trust impressed upon it in favor of Friedman, that would constitute an equitable interest that might be asserted by Friedman, or that might be levied on, as against Friedman, by the creditors of the latter, and therefore held it as a trustee for Friedman, or purchased the property in his own interest, and acquired the absolute title thereto, and, after such purchase and acquisition of title, agreed to sell it to Friedman under such circumstances as rendered such agreement practically an option to purchase, which latter would convey no interest or title to Friedman until full compliance with the terms of such agreement, and the payment of the price mentioned. Having tried the case upon this theory, the court found "that on the said 12th day of July, 1895, all of the said property was purchased at execution sale by the defendant P. J. Delahanty, who thereafter, and in due course, procured a sheriff's deed to the same, and that from thence hitherto the said defendant Delahanty has been, and now is, the sole owner of the said property; that the execution sale of said property to the plaintiff made by the sheriff of Cochise County on the 10th day of May, 1899, by, virtue of a judgment rendered by this court on the 18th day of May, 1896, in a case entitled 'Martin Costello against Samuel Friedman,' is and was void and of no effect; that the defendant Friedman has no interest in the case in controversy; . . . that the defendant Delahanty is the sole owner of the property in controversy herein, and is entitled to have the same quieted in himself." In accordance with these findings, the court rendered judgment quieting the title to the property in Delahanty, giving him possession of the premises and his costs in the cause expended.

The appellant presented in his brief six several assignments of error, but, instead of discussing them in detail, he urged in his brief what he called the fundamental question upon which the decision of the case must depend, namely, whether the agreement between Delahanty and Friedman vested the equitable title to the lot in dispute in Friedman. Instead, therefore, of taking up the several assignments of

error *seriatim,* we will consider the case as presented by the appellant in his argument.

The allegations of the complaint were sufficient, if supported by evidence, to impress the property with a trust in behalf of Friedman. These allegations were, however, denied in the verified answer of Delahanty; and the record discloses very little, if any, evidence in their support. The lower court was therefore fully justified in holding that the plaintiff had failed to establish the allegation that Delahanty purchased the lot as trustee for Friedman.

The appellant, in recognition of this fact, has receded from his first position—that Delahanty took the lot as trustee by agreement with Friedman—and rests his entire case in this court upon the theory that although Delahanty purchased the lot for himself, and acquired the absolute title thereto, yet the agreement between Delahanty and Friedman, as set up in the answer, made after the purchase of the lot by the former, vested in the latter the equitable title to the lot in dispute, and that, as the result of that agreement and the partial payment made thereunder, Delahanty had for about two years prior to the sheriff's sale to Costello held the title to the lot in trust for Friedman. This theory of the case would necessitate the establishment of the trust claimed to have been thus created, by full, clear, and convincing evidence. It is incumbent upon the plaintiff, in order to have a trust declared, to furnish the evidence to convince the court. The only evidence on this subject contained in the record is that furnished by the verified answers of the defendants, and Delahanty's testimony on the trial. These show that after Delahanty had purchased the property, and acquired the title thereto, he agreed with Friedman that upon the payment by the latter of the purchase price of the property, with interest thereon, he (Delahanty) would then convey the lot to him, and that, in pursuance of the agreement, Friedman paid part of such purchase price, but failed to pay the balance, and that, because of the full purchase price not having been paid, Delahanty did not convey the title; that Friedman had occupied the property as tenant of Delahanty, and had no interest therein, in law or equity. We find no facts or circumstances put in evidence by the plaintiff to convince the mind of the court that any title had yet passed

to Friedman, or that would take this transaction out of the general rule that in case of an option to purchase, or a conditional purchase dependent upon payment, the title to the property remains in the vendor until the performance of the conditions by the vendee, and the payment of the purchase price. The record discloses sufficient evidence to sustain the finding of the lower court that no title had passed to Friedman, but that Delahanty was the sole owner of the property; and, in observance of the rule invariably followed by us in such cases, we will not disturb that finding.

No title having passed to Friedman, it necessarily follows that there was nothing on which to levy the execution issued upon the judgment in favor of Costello against Friedman; and the sheriff's sale thereunder in May, 1899, to Costello, conveyed no title. It is elementary that a purchaser under judicial sale acquires just such title as the execution debtor had at the time of such sale, and, if the execution debtor was not the owner of the property at the time of the sale, the purchaser acquires no title thereto.

The appellant has very forcibly urged that the purchase agreement between Friedman and Delahanty would have sustained an action on Friedman's part for specific performance. It is not necessary to inquire if Friedman could have enforced specific performance, or if the appellant might have acquired by transfer from Friedman, or, after proper legal procedure, might, even by decree of court, have been subrogated to Friedman's right, and in such right have enforced specific performance of the contract. The fact remains that he did not do so. Specific performance could only be demanded by Friedman, or any one in his right, upon full performance of conditions precedent required from him. Story, sec. 771. *Colson* v. *Thompson*, 2 Wheat. 336-341, 4. L. Ed. 253. That had not been done in this instance, or tendered, either by Friedman or by Costello for him.

Costello is not now demanding a specific performance of the contract of purchase by virtue of Friedman's right thereto, but has attempted to sell the property of Delahanty under a judgment against Friedman, which course could only be sustained upon the theory that Friedman had already acquired title thereto. Whether Friedman might have sold or assigned his right to the enforcement of the contract, which

was a personal right, to a third party, and such third party might, after full performance on their part and full payment of the purchase price, have enforced against Delahanty a specific performance, is immaterial.   Friedman could certainly not, in the present status of the case, without full payment and full performance of the purchase agreement on his part, have sold the property thus contracted for to a third party, and have executed a deed that would convey any title.   The sheriff's deed to Costello in this instance stands upon the same footing as would a deed to the property made by Friedman to some third party before he (Friedman) had fully complied with the purchase agreement with Delahanty, paid the purchase price, and acquired the title to the property.

The judgment of the lower court is affirmed.

Kent, C. J., and Sloan, J., concur.