519 P.2d 236

C. Allen JENSEN, Plaintiff and Appellant,

v.

Mark E. EAMES, Defendant and Respondent,
and
F. McKay Smith, Garnishee-Respondent.

No. 13306.

Supreme Court of Utah.

Feb. 1, 1974.

---

David S. Cook of Nielson, Conder, Hansen & Henriod, Salt Lake City, for plaintiff and appellant.

Richard C. Cahoon of Clyde, Mecham & Pratt, Richard F. Gordon of Kesler, Hatch, & Gordon, Salt Lake City, for defendant and respondent.

CALLISTER, Chief Justice:

Plaintiff, a nonresident of the state of Utah, filed this action against defendant, a nonresident, to recover certain indebtedness evidenced by two promissory notes in the principal sum of $25,000, plus interest and attorney's fees. With his complaint, plaintiff filed a motion and affidavit for attachment. A writ of attachment was issued, and 16,812,460 shares of common stock of Universal Rockwell Corporation, evidenced by two stock certificates, were attached on August 10, 1972. The trial court, on March 16, 1973, ordered release of the attachment upon deposit of a cashier's check for $10,000. The trial of the case commenced on March 19, 1973, and plaintiff was awarded judgment in the total sum of $29,788.94. The $10,000 was applied as partial satisfaction of the judgment, leaving unpaid the sum of $19,788.94.

Plaintiff filed a supplemental order directing defendant to appear and answer concerning his property, but the sheriff was unable to locate him. Plaintiff had a post judgment garnishment issued to F. McKay Smith. The garnishee, Smith, failed to answer, and plaintiff entered his default in accordance with Rule 64D(k), U.R.C.P. Under this same rule, plaintiff compelled the garnishee to attend court and be examined. Plaintiff adduced evidence to establish the circumstances under which the stock that had been released from the attachment had been transferred to Smith. Plaintiff urged that the transfer constituted a fraudulent conveyance under Section 25–1–1 et seq., U.C.A.1953. Plaintiff made a motion under Rule 64D(k) and Section 25–1–15, U.C.A.1953, to have the transfer set aside as a fraudulent conveyance and subject the stock to execution to the extent necessary to discharge the unpaid portion of the judgment. The trial court denied the motion.

On appeal, plaintiff contends that the trial court erred in proceeding to hear defendant's motion to release the attachment upon two days' notice in violation of the requirements of Rules 6(d) and 64C(f)(3), U.R.C.P.

Rule 64C(f)(3), U.R.C.P., requires reasonable notice to the plaintiff, when the

defendant applies to the court for an order releasing attached property.

Rule 6(d), U.R.C.P., provides:

A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than 5 days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application. . . .

Defendant did not move for an ex parte order shortening the five-day notice requirement of Rule 6(d), U.R.C.P., and at the hearing, plaintiff did not waive the time requirement. The hearing was held on Friday, the trial was scheduled for the following Monday. Plaintiff urged that it was prejudicial to this cause to deprive him of his security on such short notice. Defendant successfully argued that the value of the stock was greatly in excess of any judgment plaintiff might be awarded; and that if it remained attached, plaintiff could bid his judgment at an execution sale and acquire the stock at a windfall price.

In Hilton Bros. Motor Co. v. District Court In and For Millard County[1] this court stated that when property is levied upon pursuant to a writ of attachment, plaintiff acquires an inchoate or contingent lien or interest in the property attached. To divest a plaintiff of such lien or interest without notice or an opportunity to be heard constitutes taking of property without due process of law.

Plaintiff was entitled to a fair notice and an effective opportunity to controvert any facts adduced in support of defendant's motion. The five-day notice provision of Rule 6(d), U.R.C.P. is not a hard and fast rule, and the trial court may dispense with technical compliance thereof if there be satisfactory proof that a party had actual notice and time to prepare to meet the questions raised by the motion of an adversary.[2]

The claimed prejudice to plaintiff did not involve inadequacy of time to prepare for the hearing but merely reflected concern over the consequences of releasing the attached property. Defendant was entitled to release of his property upon substitution of other security in compliance with Rule 64C(f), U.R.C.P. Plaintiff's cause was not prejudiced by the two-day notice of the hearing.

Plaintiff contends that the trial court erred in releasing the property upon deposit of $10,000.

1. 82 Utah 372, 375, 25 P.2d 595 (1933).

2. Marshall Durbin Farms, Inc. v. National Farmers Organization, Inc. (CA 5th, 1971), 446 F.2d 353, 358.

Rule 64C(f)(2), U.R.C.P., provides:

> To secure a release of property from the attachment the defendant shall furnish a bond, with sufficient sureties, in a sum not less than the value of the property to be released, but in no case in an amount greater than necessary to obtain a discharge of the attachment.
> . . . .

Prior to November 1, 1972, Rule 64C(f)(1), U.R.C.P., provided:

> To secure a discharge of the attachment the defendant shall furnish a bond, with sufficient sureties, in a sum not less than double the amount claimed by the plaintiff, but in no case shall an undertaking be required exceeding $10,000.00 or less than $50.00 in amount. . . .

This rule was amended so as to delete the $10,000 maximum limitation. The property in the instant case was attached in August, 1972; the rule was amended November 1, 1972; and the motion to release the property was March 16, 1973. Plaintiff urged that the amended rule was controlling, and defendant argued successfully that the rule in effect at the time of the attachment should be applied.

Both parties cited Rule 1(b), U.R.C.P., which provides that the rules govern all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies.

Defendant claimed that he, in effect, had a vested, substantial right to have his property released in accordance with the rule in existence on the date of attachment. Plaintiff urged that the $10,000 limitation was unjust and would leave him with an unsatisfied judgment against a nonresident, and that application of the amended rule was both feasible and just.

This type of problem involves a common sense and equitable accommodation of the amended rules to pending actions. If rights will be impaired, the amended procedure should not be applied, but where there will be no impairment the remedial provisions of the amended rules should be applied.[3]

Rule 64C(f), U.R.C.P. is primarily designed to secure plaintiff's claim; the provision in the former rule, limiting the maximum value of defendant's bond, does not appear within the context of the rule to confer a substantive right upon defendant. The trial court erred in its ruling that the amended rule was not applicable in the instant action.

Plaintiff further contends that the trial court erred in denying his motion to set

---

3.  7 Moore's Federal Practice (2d Ed.), Sec. 86.03 [2], p. 86–13.

aside defendant's transfer of the stock to the garnishee as a fraudulent conveyance in the post judgment garnishment proceeding.

At the hearing, garnishee Smith testified that the stock was trading for one to four cents per share [the stock would be worth $168,124.60 to $672,498.40]. Smith acquired the stock from defendant for $20,000. He paid $5,000 during the winter of 1972–1973; he provided $10,000 to release the stock from the attachment; and he paid the final $5,000 on the Sunday prior to the trial. He admitted that initially the final payment was to be $10,000, but he influenced defendant to accept half that amount. He further testified that it was his intent to complete the transaction quickly, prior to the trial. Smith further conceded that he had a prior arrangement to assume indebtedness of defendant in the sum of $68,684.92, but this agreement had been superseded by the sale for $20,000.

Plaintiff argued before the trial court that defendant had made a transfer immediately before judgment, for less than fair consideration, to a transferee with full knowledge of all the facts. Plaintiff made a motion under Section 25–1–15, U.C.A. 1953, to have the transfer of the stock set aside to the extent necessary to satisfy his creditor's claim, i. e., the unsatisfied portion of his judgment.

The trial court denied the motion on the ground that such action could not be taken in a garnishment proceeding and that plaintiff must file a separate action.

■■ A judgment creditor may litigate the question of a fraudulent conveyance in a garnishment proceeding, in a creditor's bill in equity, or in an execution proceeding, provided that once contested the burden is upon the one alleging the fraudulent conveyance to prove by clear and convincing evidence that the transfer was in fact fraudulent.[4]

The trial court was further of the opinion that the matter of the fraudulent conveyance was not properly before it since there were no pleadings concerning this matter. The garnishee failed to answer and Rule 64D(k), U.R.C.P. provides that in such a case that judgment shall be entered upon the evidence to the same effect as if the garnishee had answered. Rule 64D(i), U.R.C.P. provides that if the garnishee answers, the plaintiff may reply or may also allege any matters which would charge the garnishee with liability. Subsection (i) strongly supports the concept the garnishment is an appropriate

---

4. Sackin v. Kersting, 10 Ariz.App. 340, 458 P.2d 544, 547 (1969); same case, 105 Ariz. 464, 466 P.2d 758 (1970); same case, 105 Ariz. 566, 468 P.2d 925 (1970); Boccalero v. Bee, 102 Utah 12, 126 P.2d 1063 (1942); 37 Am.Jur.2d, Fraudulent Conveyances, Sec. 166, p. 833.

remedy to be utilized in cases of fraudulent conveyances.

The trial court erred in denying plaintiff's motion. This case is remanded for a new hearing so that the trial court can make and enter the appropriate findings. Costs are awarded to plaintiff.

ELLETT, CROCKETT and TUCKETT, JJ., concur.

HENRIOD, J., concurs in the result.