466 P.2d 758

Louis A. SACKIN, Garnishee-Trustee, Appellant,

v.

Robert E. KERSTING, Appellee.

No. 9807–PR.

Supreme Court of Arizona, In Banc.

March 26, 1970.

Rehearing Denied May 4, 1970.

Lewis, Roca, Beauchamp & Linton, by John P. Frank, John C. Hover, Phoenix, for garnishee-trustee, appellant.

Cox & Cox, Phoenix, for appellee.

STRUCKMEYER, Vice Chief Justice.

This is an appeal by Louis A. Sackin from an order of the Superior Court denying a motion to dismiss certain proceedings on a writ of garnishment and denying a motion to vacate and set aside certain levies and returns on execution. We accepted review. Opinion of the Court of Appeals, 10 Ariz.App. 340, 458 P.2d 544 vacated.

The litigation arises out of an agreement by appellee Robert E. Kersting, attorney at law, with one Walker McCune, by which

agreement McCune became obligated to pay Kersting $120,000.00 for services as legal advisor and financial consultant. After signing the agreement, McCune and his wife created an irrevocable trust with Sackin and another as trustees by which McCune conveyed to them all of his property. Later, Kersting brought an action against McCune on the agreement and recovered a judgment in the sum of $116,000.00 plus costs and interest. Kersting then served a writ of garnisment on Sackin as trustee and Sackin answered, stating that he was not indebted and held no property of McCune. Kersting also caused writs of execution to be levied against two pieces of property formerly owned by McCune now held in trust. Sackin filed a motion seeking to dismiss the garnishment proceedings and to set aside the levies, the accompanying writs of execution and certain scheduled sheriffs' sales. The Superior Court denied Sackin's motion to dismiss. The appeal questions whether property held by Sackin in trust can be reached through garnishment and execution sale.

It is true, as Sackin urges, that a fraudulent conveyance must be pleaded and proved, Ferguson v. Roberts, 64 Ariz. 357, 170 P.2d 855, and that the creditor has the burden of proof by clear and satisfactory evidence that the conveyance was fraudulent, Ollason v. Glasscock, 26 Ariz. 193, 224 P. 284. But under the undisputed facts of this case and the Uniform Fraudulent Conveyance Act, A.R.S. § 44–1001 et seq. it is conclusively established that the conveyances were fraudulent as to Kersting.

Upon the transfer by McCune of all of his property into the irrevocable trust he became insolvent within the meaning of A.R.S. 44–1002, subsec. A:

"A person is insolvent when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured."

Such conveyances by A.R.S. § 44–1004 are deemed fraudulent without regard to actual intent if incurred without a fair consideration:

"Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

Because the conveyances were fraudulent, Kersting was specifically authorized to proceed under A.R.S. § 44–1009:

"A. Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may * * *:

* * * * * *

2. Disregard the conveyance and attach or levy execution upon the property conveyed."

It does not matter that the property had been conveyed to an irrevocable trust; the statute does not recognize exceptions for trusts in directing that executions may lie against the property conveyed.

We note that Kersting also garnished Sackin as trustee. Garnishment is an appropriate remedy to be utilized in cases of fraudulent conveyances, Arizona Bank v. Morris, 6 Ariz.App. 566, 435 P.2d 73, opinion amended 7 Ariz.App. 107, 436 P.2d 499.

Sackin urges two other matters, neither of which has any merit. First, that Kersting must proceed by an action in the nature of a creditor's bill or similar supplementary proceeding. We reject such an idea with the comment that a creditor's bill is not a condition precedent to a valid garnishment or execution on a debtor's property in the hands of a third person. A creditor's bill is an equitable proceeding brought to enforce the payment of a debt out of property or other interest of a debtor which cannot be reached by ordinary legal process. See 21 Am.Jur.2d, Creditors' Bills, §§ 1 and 2, Page 5. Such ancillary

action would be appropriate if the customary remedies at law were inadequate.

Second, Sackin points to Sniadach v. Family Finance Corporation of Bay View, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349. We do not understand Sniadach as embracing executions after judgment. The due process there found wanting was the levy of a garnishment prior to a hearing on the merits of the obligation.

The orders of the court below are affirmed and this cause is remanded to the trial court with instructions to proceed accordingly.

UDALL, McFARLAND and HAYS, JJ., concur.

LOCKWOOD, C. J., did not participate in this matter.