803 P.2d 439

**Frank J. RETZKE, Plaintiff Judgment Creditor–Appellant,**

v.

**Ray P. LARSON, Garnishee–Appellee.**

No. 1 CA–CV 89–078.

Court of Appeals of Arizona,
Division 1, Department A.

Aug. 7, 1990.

Reconsideration Denied Sept. 19, 1990.

Review Denied Feb. 5, 1991.

Brown & Herrick by Thomas N. Swift, Mesa, for plaintiff judgment creditor-appellant.

Owens, Rybarsyk & Nussbaum, P.C. by C.D. Owens, Jr., Michael A. Carragher, Scottsdale, for garnishee-appellee.

## OPINION

GERBER, Judge.

Judgment creditor Frank J. Retzke appeals from an order dismissing his garnishment action against Ray P. Larson. The issue presented is whether a judgment creditor of a limited partnership can use a garnishment proceeding to prove and collect funds wrongfully distributed to a limited partner. We hold that Retzke is entitled to relief for reasons which follow.

## FACTS

In 1978, Donald Howard and Ray Larson formed a limited partnership named Great Salt River Investment Properties (Great Salt River) with Howard being the general partner and Larson a limited partner. Great Salt River owned and operated a mobile home park. Larson's capital contribution to the partnership totalled $5,250.00. During the following year, Larson loaned $18,350.00 to the partnership.

On April 27, 1987, Frank J. Retzke filed a complaint in Maricopa County Superior Court against Great Salt River, Donald Howard, and various unnamed parties, alleging that he had loaned money to Donald Howard for use by the partnership and that he had not been repaid. Retzke sought judgment against Howard and Great Salt River for $63,734.24 plus accrued interest, as well as for imposition of an equitable mortgage against the mobile home park property.

At the time Retzke filed his complaint and lis pendens, a sale of the mobile home park property was pending and close of escrow was imminent. On April 29, 1987, a deed conveying the property to Dean L. Cooley as trustee of the Dean L. Cooley Revocable Living Trust was recorded. At the same time, the escrow agent distributed the proceeds of sale pursuant to the escrow instructions. Larson received $20,000.00 from the proceeds of this sale.

After the sale of the property, Retzke added Cooley as a party to the suit. Retzke claimed he was entitled to have an equitable mortgage imposed on the property.[1] Great Salt River filed no answer to Retzke's complaint. The court entered a default judgment against the limited partnership in the amount of $78,126.54.

Almost a year later, Retzke initiated garnishment proceedings against Larson. He claimed that Larson was indebted to him for assets of the limited partnership. Larson filed an answer denying Retzke's claims. Retzke objected to the answer and requested a hearing pursuant to A.R.S. § 12–1580.

At the hearing, no testimony was presented. After oral argument, the trial court ordered the parties to submit memoranda addressing the issues. The parties

---

1. Retzke's claim against Cooley proceeded to trial and the court granted Cooley's Motion for a Directed Verdict. An appeal filed by Retzke from that ruling is currently pending in this court in CA–CV 89–039. Cooley had also named Larson as a third party defendant alleging that Larson was liable for any liability incurred by Cooley from matters arising out of Retzke's complaint.

submitted memoranda discussing whether Larson had received a wrongful distribution of the limited partnership assets when he received the $20,000.00 from the sale of the mobile home park.

The trial court found that Retzke might be able to pursue a cause of action against Larson and/or the limited partnership for wrongful distribution under the Uniform Limited Partnership Act but concluded that he would have to file a separate suit because, in the court's view, he could not try to prove the wrongful distribution in the garnishment proceeding. The court ruled that:

> Though judgment creditor may have a cause of action against garnishee and/or judgment debtor for wrongful distribution under the Uniform Limited Partnership Act, judgment creditor has not shown that garnishee is holding monies or owes a debt to judgment debtor at the time the writ was served, and garnishee's amended answer specifically denies judgment creditor's contention.

> ADDITIONALLY, judgment creditor has cited no case authority supporting the position he argues. [ME of September 13, 1988]

The trial court then entered judgment discharging garnishee Larson and awarding him his costs and attorney's fees pursuant to A.R.S. § 12–1580(E).

## THE LAW

■ Retzke argues on appeal that the trial court erred in concluding that garnishment was an inappropriate remedy for recovering partnership funds improperly paid to Larson. We agree that this ruling was an error. No separate action is required to prove a wrongful distribution of limited partnership assets. Legal action to prove a fraudulent conveyance need not be separate from the garnishment proceeding. In *Sackin v. Kersting*, 105 Ariz. 464, 466 P.2d 758 (1970), the garnishee urged that a creditor must proceed by a creditor's bill or other supplementary proceeding. The court rejected this contention, stating that a creditor's bill is not a condition precedent to a valid garnishment. *Id.* at 465, 466

P.2d at 759. Likewise, in *Transamerica Ins. Co. v. Trout*, 145 Ariz. 355, 701 P.2d 851 (App.1985), pursuant to the Uniform Fraudulent Conveyance Act, the plaintiff filed suit against the transferor and after obtaining judgment, served a writ of garnishment on the transferee. The court there held garnishment an appropriate remedy for recovering the proceeds of a fraudulent conveyance. *Id.* at 359, 701 P.2d at 855.

Appellee questions whether a partnership conveyance constitutes a "distribution." A.R.S. § 29–337 explicitly forbids a partner from receiving a distribution from a limited partnership to the extent that, following the distribution, the liabilities of the limited partnership exceed the fair value of its assets. The debt to Retzke in the amount of $78,126.54 is established by the judgment. Following the sale of the trailer park and the division of the net proceeds between Howard and Larson, the only remaining partnership asset was an $8,000 note not due for 10 years. The liabilities of the partnership thus exceeded its assets.

While the term "distribution" in A.R.S. § 29–337 is not defined in the Revised Uniform Limited Partnership Act, it is used both to refer to payments under the partnership agreement and payments to creditors in satisfaction of liabilities. *See e.g.*, A.R.S. §§ 29–334 and 29–347. To provide more definite meaning to the term, it is instructive to look at other statutes dealing with the same subject matter. *See Arizona State Highway Comm'n v. Nelson*, 105 Ariz. 76, 459 P.2d 509 (1969). The Uniform Fraudulent Conveyance Act also addresses transfers of partnership property which render the partnership insolvent. *See* A.R.S. § 44–1008. The term used in the Uniform Fraudulent Conveyance Act is "conveyance," which includes every payment of money, assignment, release, transfer, lease, mortgage or pledge of property, as well as the creation of any lien. Read together, A.R.S. §§ 29–337 and 44–1008 make the term "distribution" broad enough to include a payment to a partner for a partnership debt such as occurred here.

Because the nature of a fraudulent conveyance and a wrongful distribution is the same, no separate legal action is needed to prove a wrongful distribution of limited partnership assets as a prelude to a garnishment proceeding. Judicial and witness economy lend further support to this conclusion.

■ Appellee also argues that we should not consider arguments based on the *Transamerica* and *Sackin* cases because appellant did not cite these cases to the trial court. While it is clear that a party cannot raise a new issue on appeal, "[t]he rule against advancing new theories or issues on appeal is not intended to preclude the presentation and analysis of case decisions relevant to those theories simply because the case was not relied upon in the trial court." *Karp v. Speizer,* 132 Ariz. 599, 600, 647 P.2d 1197, 1198 (App.1982). Although it might have been instructive to the trial court had appellant brought these cases to its attention, these cases hardly raise any new issue on appeal.

■ Appellee also contends that because no transcript is before this court, we must accept the trial court's findings. If a party claims that the trial court's ruling was not justified by the evidence, that party has the duty to furnish a transcript. In the absence of a transcript, this court will assume that the evidence supported the trial court's finding. *Rapp v. Olivo,* 149 Ariz. 325, 330, 718 P.2d 489, 494 (App. 1986); *Rancho Pescado, Inc. v. Northwestern Mut. Life Ins. Co.,* 140 Ariz. 174, 189, 680 P.2d 1235, 1250 (App.1984). Here, the record contains sufficient facts for us to review what was before the trial court. Indeed, appellee's own pleadings support the facts necessary to resolve this appeal.

We now consider whether there was a wrongful distribution in fact. Larson contends that he was entitled to receive the $20,000.00 from the sale of the mobile home park because it was repayment of the principal and interest on the loans he made to the partnership. Retzke argues that it was wrong for Larson to receive this money when the partnership was without other funds to pay Retzke's claim.

In 1982, the Arizona Legislature enacted the revised Uniform Limited Partnership Act, A.R.S. § 29–301 *et seq.,* which repealed the former Uniform Limited Partnership Act. *See* Laws 1983, ch. 208, § 15. Great Salt River existed prior to 1982. However, § 29–364 of the 1982 Act provides that "[a]n existing limited partnership and its partners are governed by this chapter and have the same rights and are subject to the same limitations, restrictions and liabilities as a limited partnership formed under this chapter and its partners...."

■ A.R.S. § 29–307 states:

Except as provided in the partnership agreement, a partner may lend money to and transact other business with the limited partnership and, subject to other applicable law, has the same rights and obligations with respect thereto as a person who is not a partner.

Under this provision, a partner lending money to the limited partnership has the same rights and obligations with respect to the money loaned as do other creditors who are not partners, unless the partnership agreement or other applicable law provides to the contrary.

■ An example of "other applicable law" referred to in A.R.S. § 29–307 is found in A.R.S. § 29–337, which provides:

A partner may not receive a distribution from a limited partnership to the extent that, after giving effect to the distribution, all liabilities of the limited partnership, other than liabilities to partners on account of their partnership interests, exceed the fair value of the partnership assets.

This provision parallels § 44–1008 of the Uniform Fraudulent Conveyance Act which provides:

Every conveyance of partnership property and every partnership obligation incurred when the partnership is or will be thereby rendered insolvent, is fraudulent as to partnership creditors, if the conveyance is made or obligation is incurred:

1. To a partner, whether with or without a promise by him to pay partnership debts, or

2. To a person not a partner without fair consideration to the partnership as distinguished from consideration to the individual partners.

Under either of these provisions, a partner is not entitled to repayment of a loan if that repayment renders the partnership insolvent. A partner who is also a creditor is not entitled to preferential treatment. The rules governing limited partnerships clearly state otherwise. A.R.S. § 29–347 provides that upon the winding up of a limited partnership, assets shall be first distributed in satisfaction of liabilities of the limited partnership to all creditors including partners who are creditors.

 The burden of proof in the trial court is on the appellant to show a garnishable debt. *See A.N.S. Properties, Inc. v. Gough Indus., Inc.,* 102 Ariz. 180, 183, 427 P.2d 131, 134 (1967). Here, appellant met his burden because appellee's own pleadings in the trial court admitted that appellee received $20,000.00 as the proceeds of sale of the partnership's real property. Garnishee Larson has not denied that the limited partnership had no other assets beyond the mobile home park. When the park was sold and the sale proceeds were distributed to the partners, Retzke's claim for money loaned to the partnership was already in existence, although not yet reduced to judgment. The distribution of the sale proceeds rendered the partnership insolvent and therefore violated A.R.S. § 29–337 as well as A.R.S. § 44–1008.

Larson also argues that the partnership did not owe any money to Retzke. We cannot consider the merits of this assertion because default judgment was entered against the partnership and no motion to set it aside was filed. Larson has not cited any authority holding that he is not bound by the judgment entered against the limited partnership. There is contrary authority indicating that a limited partner in fact *is* bound. *See Whitley v. Klauber,* 51 N.Y.2d 555, 435 N.Y.S.2d 568, 416 N.E.2d 569 (1980).

The trial court's ruling discharging garnishee Larson and awarding him costs and attorneys' fees is reversed. The matter is remanded to the trial court for determining Retzke's pro rata share of the $20,000.00 in assets of the limited partnership wrongfully distributed to Larson. We grant Retzke attorneys' fees on appeal in an amount to be determined after compliance with Rule 21(c), Arizona Rules of Civil Appellate Procedure.

FIDEL, P.J., and CONTRERAS, J., concur.