22 P.3d 57

**Steven FILES, Petitioner/Appellee,**

v.

**The Honorable Margarita BERNAL, a Tucson City Court Magistrate, Respondent,**

**and**

**The State of Arizona, Real Party in Interest/Appellant.**

**No. 2 CA–CV 99–0215.**

Court of Appeals of Arizona, Division 2, Department B.

Feb. 27, 2001.

Redesignated as Opinion and Publication Ordered April 24, 2001.

D. Jesse Smith, Tucson, Attorney for Petitioner/Appellee.

Thomas J. Berning, Tucson City Attorney, by Laura Brynwood and M.J. Raciti, Tucson, Attorneys for Real Party in Interest/Appellant.

## OPINION

DRUKE, Judge.

¶ 1 Appellee Steven Files approached an undercover police officer who was posing as a prostitute and offered her "at least $40.00" if she would have " 'straight sex' " with him. Files was charged with violating Tucson City Code § 11–28(1)(c), which criminalizes the conduct of anyone who "[a]ids, offers or agrees to commit or conspires to commit or commits any act of prostitution." After the city court denied his motion to dismiss, Files brought a special action in the superior court, which granted relief and instructed the city court to dismiss the charge. This appeal by the state followed.

 ¶ 2 We conduct a bifurcated review of an appeal taken from a non-statutory special action initiated in the superior court.[1] *Bazzanella v. Tucson City Court*, 195 Ariz. 372, 988 P.2d 157 (App.1999). If the superior court declines jurisdiction of the special action and does not rule on the merits, we determine only whether the court abused its discretion in declining jurisdiction. *Bilagody v. Thorneycroft*, 125 Ariz. 88, 607 P.2d 965 (App.1979); *see also Bazzanella.* But, if the superior court accepts jurisdiction and rules on the merits, as the court did here, we determine whether it abused its discretion in granting or denying special action relief. *Bazzanella; Hamilton v. Municipal Court of Mesa*, 163 Ariz. 374, 788 P.2d 107 (App.1989). Generally, a court abuses its discretion where the record fails to provide substantial support for its decision or the court commits an error of law in reaching the decision. *Grant v. Arizona Pub. Serv.*, 133 Ariz. 434, 652 P.2d 507 (1982); *see also Torres v. North Am. Van Lines, Inc.*, 135 Ariz. 35, 40, 658 P.2d

---

**1.** Statutory special actions are in the nature of an appeal and thus, under Rule 1(b), Ariz. R.P. Special Actions, 17B A.R.S., "the questions to be raised and considered are wholly unaffected by this Rule." *See also* State Bar Committee Note (b), Ariz. R.P. Special Actions 1.

835, 840 (App.1982) (discretion abused if "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons"). Because the superior court's decision in this case involved the interpretation of an ordinance, we review that interpretation de novo. *See Whiteco Outdoor Advertising v. City of Tucson*, 193 Ariz. 314, 972 P.2d 647 (App. 1998).

¶ 3 The state argues that § 11–28(1)(c) encompasses Files's conduct, even though the undercover police officer would not have accepted his offer to engage in sexual conduct. In response, Files argues that because the officer "was not a true prostitute," the common law defense of impossibility precludes his prosecution. We find no merit to this argument; the defense of impossibility no longer exists in Arizona. In *State v. Galan*, 134 Ariz. 590, 591, 658 P.2d 243, 244 (App.1982), we pointed out that one of the purposes of our current criminal code is "to preclude the common law defense of impossibility, [which] ... was accomplished by a redefinition of 'attempt' ... [under] A.R.S. § 13–1001." After quoting relevant provisions of the statute, we held that it "thus imposes liability where the completed offense is rendered impossible for any reason." *Id.*

¶ 4 In apparent recognition of this holding, Files next argues that a sex-for-fee offer to someone who will not actually engage in the proposed sexual conduct constitutes, at best, an attempted violation of § 11–28(1)(c), citing *Galan* and *State v. DiGiulio*, 172 Ariz. 156, 835 P.2d 488 (App.1992). These cases do not support Files's argument. Although both recognize that a defendant can only be guilty of attempted trafficking in stolen property if the property was not actually stolen, trafficking requires a completed act, whereas a violation of § 11–28(1)(c) does not. To commit trafficking in stolen property, a person must "sell, transfer, distribute, dispense or otherwise dispose of stolen property to another person, or to buy, receive, possess or obtain control of stolen property, with the intent to sell, transfer, distribute, dispense or otherwise dispose of the property to another person." A.R.S. § 13–2301(B). But, as noted above, a violation of § 11–28(1)(c) occurs when a person merely "offers or agrees to commit ... any act of prostitution."

¶ 5 Files nonetheless contends he did not "offer" or "agree" to commit an act of prostitution, arguing that the "dictionary definition of 'prostitution' does not cover the client" and, thus, "it is the putative recipient of the money (the decoy officer) who is agreeing to commit the act of prostitution." Because the city code does not define the word "prostitution," we would ordinarily refer to a widely used dictionary to determine its meaning. *See State v. Mahaney*, 193 Ariz. 566, 975 P.2d 156 (App.1999). But, before doing so, we first consider any Arizona statutes that deal with the same subject matter. *See Retzke v. Larson*, 166 Ariz. 446, 803 P.2d 439 (App.1990). Here, the relevant statutes are A.R.S. §§ 13–3201 through 13–3214, which address the subject of prostitution. Section 13–3211(5) defines "prostitution" as the "engaging in or agreeing or offering to engage in sexual conduct with another person under a fee arrangement with that person or any other person." Adopting that definition for § 11–28(1)(c), it is apparent the ordinance applies both to the person who "offers" to engage in sexual conduct with another person for a fee and to the person who, in fact, agrees to or engages in that conduct for a fee. *See State v. Crisp*, 175 Ariz. 281, 283, 855 P.2d 795, 797 (App. 1993) ("One who asks or hires another to commit an illegal act thereby intends to secure, through the request and promise of payment, the illegal act."). Section 11–28(1)(c) thus prohibits a sex-for-fee offer, its acceptance, and the sexual conduct itself.

¶ 6 For the foregoing reasons, we find that the superior court abused its discretion in granting special action relief. We therefore vacate the court's order instructing the city court to dismiss the prostitution charge against Files and remand the case to the city court for further proceedings.

CONCURRING: PHILIP G. ESPINOSA, Chief Judge, JOSEPH W. HOWARD, Presiding Judge.