NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

VICTOR O. DEMA,
*Petitioner/Appellant*,

*v.*

HONORABLE ARTHUR C. ATONNA; TEMPE MUNICIPAL COURT,
*Respondents/Appellees*.

No. 1 CA-CV 14-0694
FILED 4-7-2016

---

Appeal from the Superior Court in Maricopa County
LC2014-0002000-001
The Honorable Crane McClennen, Judge

**AFFIRMED**

---

COUNSEL

Victor O. Dema, Mesa
*Petitioner/Appellant*

Tempe City Attorney's Office, Tempe
By Judith R. Baumann, Christopher B. Davis
*Counsel for Respondents/Appellees*

_____

**MEMORANDUM DECISION**

Presiding Judge Peter B. Swann delivered the decision of the court, in which Judge Lawrence F. Winthrop and Judge Donn Kessler joined.

_____

**S W A N N**, Judge:

**¶1** Victor O. Dema appeals the superior court's decision to decline jurisdiction over his special action, in which he challenged the Tempe Municipal Court's determination that he was responsible for a violation of A.R.S. § 28-947(B) (prohibiting blue lights on a private vehicle).[1] He contends that special action jurisdiction over his petition for a "writ of prohibition and for judge's denial of motion to change venue or judge" was proper because no decisions have interpreted A.R.S. § 28-947(B), which he asserts is unconstitutional. Because we find no abuse of discretion in the court's decision to decline jurisdiction, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2** In January 2014, Tempe Police issued Dema a citation for having blue lights on the front and sides of his vehicle in violation of A.R.S. § 28-947(B). Dema had received citations for the blue lights several times in the past, and the Tempe Municipal Court found him responsible in April 2014 for the latest infraction and imposed a fine. Dema then filed a petition for special action in the Maricopa County Superior Court, contending that the citation violated his First Amendment rights, the statute was unconstitutionally vague, and it was enforced "arbitrarily, selectively, subjectively, on [a] purely <u>ad hoc</u> basis."

**¶3** In September 2014, the superior court declined jurisdiction and ordered the case closed in a signed minute entry that lacked a certification of finality pursuant to Ariz. R. Civ. P. 54(c). Dema appealed the court's decision to decline jurisdiction. This court stayed the case and revested jurisdiction in the superior court to allow Dema to obtain a final signed order, which was filed April 2015.

_____

[1] Dema also requests review of a number of other substantive issues; however, we review only the superior court's decision not to accept jurisdiction.

## DISCUSSION

**¶4**        We conduct a bifurcated review of an appeal of a special action brought in the superior court. *State v. Johnson*, 184 Ariz. 521, 523 (App. 1994). First, we determine if the superior court accepted jurisdiction and addressed the merits; we review the merits only if the superior court did so. *Bilagody v. Thorneycroft*, 125 Ariz. 88, 92 (App. 1979). Second, if the superior court did not address the merits, we review only the question whether the court abused its discretion in declining jurisdiction. *Id*. The superior court's order states "IT IS ORDERED, in this Court's discretion, declining jurisdiction of this Special Action Petition." We therefore review only whether the superior court abused its discretion in declining jurisdiction. "Generally, a court abuses its discretion where the record fails to provide substantial support for its decision or the court commits an error of law in reaching the decision." *Files v. Bernal*, 200 Ariz. 64, 65, ¶ 2 (App. 2001).

**¶5**        The decision whether to accept or decline jurisdiction is discretionary. *Bilagody*, 125 Ariz. at 92. A special action "shall not be available where there is an equally plain, speedy, and adequate remedy by appeal" except where the special action is authorized by statute. Ariz. R. P. Spec. Act. 1(a). No statute specifically authorizes a special action in this case, but Dema had a right of direct appeal. The applicable municipal court rule states, "[a]ny party may appeal to the Superior Court from a final order or final judgment in a civil traffic case as provided by statute and these Rules." Ariz. R.P. Civ. Traffic and Civ. Boating Violation Cases 26(a).[2] Because there was a right to appeal the municipal court's decision to the superior court, a special action petition was neither necessary nor proper. The superior court did not abuse its discretion in declining jurisdiction.

---

[2]        *See* Ariz. R.P. Civ. Traffic and Civ. Boating Violation Cases 1 ("These rules apply in all court cases involving the adjudication and appeal of civil traffic . . . violations except those violations consolidated pursuant to Rule 14 of these rules.").

## CONCLUSION

**¶6** For the aforementioned reasons, we affirm the superior court's decision not to accept jurisdiction over Dema's special action petition.

