NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

ANGELA GEE,
*Petitioner/Appellant*,

*v.*

CITY OF PHOENIX; CITY OF PHOENIX CIVIL SERVICE
BOARD; BRUCE MEYERSON; CRAIG STEBLAY;
ROBERT LORD, *Respondents/Appellees*.

No. 1 CA-CV 15-0618
FILED 11-3-2016

---

Appeal from the Superior Court in Maricopa County
No. LC 2015-000107-001
The Honorable Karen A. Mullins, Judge

**AFFIRMED**

---

COUNSEL

Kirtley Wells Law Office, Phoenix
By Patricia A. Kirtley
*Counsel for Petitioner/Appellant*

Phoenix City Attorney's Office, Phoenix
By Heidi E. Gilbert
*Counsel for Respondent/Appellee, City of Phoenix*

Gammage & Burnham, P.L.C., Phoenix
By Richard K. Mahrle
*Respondents/Appellees, Phoenix Civil Service Board, Bruce E. Meyerson,*
*Craig Steblay, Robert J. Lord*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

---

**O R O Z C O**, Judge:

**¶1** Angela Gee appeals from the superior court's order declining to accept jurisdiction of her special action petition. For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2** In October 2013, Gee and her then employer, the City of Phoenix (City), entered into a "Last Chance Employment Agreement" (LCEA). Therein, Gee acknowledged violating several personnel rules that could have resulted in termination. In resolution of those violations, the LCEA provided for "reduced discipline" encompassing the "violations occurring between August 19, 2013 and October 15, 2013." In lieu of termination, Gee agreed to: "fully comply with and follow" all City Personnel Rules, "waive her right to a Civil Service Board and appeal," and "any other remedy" arising from the disciplinary action or circumstances surrounding it. Gee also confirmed her understanding that failure to improve her record of unscheduled absences could result in termination. In consideration of this resolution, Gee agreed to a forty-hour suspension. The terms of LCEA were to remain in effect until October 2018.

**¶3** Gee's suspension began October 22, 2013. Her notice of suspension provided that she must "comply with the Department's leave management guidelines." Therein, Gee was instructed that she must not accrue "any unscheduled non-FMLA absences between October 19, 2013 and August 26, 2014," to be considered compliant with the LCEA.

2

¶4 In September 2014, the City informed Gee that termination had been recommended following "an administrative investigation surrounding [her] unauthorized absence from work [and] failure to follow [C]ity policies." The City terminated Gee in September 2014 for violating the City's attendance policy and City Personnel Rule 21b3.[1] Gee appealed the decision, and a hearing officer took testimony from both Gee and the City in January 2015.

¶5 After reviewing the City's policies and the LCEA, the hearing officer found that since Gee entered into the LCEA she "accumulated an unscheduled absence in the form of 2 tardies," "two unscheduled absences . . . in June," "an unscheduled absence for an early departure from work in July, and she accumulated an unscheduled absence from August 28 until September 4, 2014, for an additional five (5) unscheduled absences within the rolling 12-month period."

¶6 The hearing officer further determined disciplinary action was warranted based on his findings that Gee violated Rules 21b3 and 21b18.[2] In his report, the hearing officer also rejected Gee's argument the City's calculation of her absences "should be disregarded." The hearing officer concluded that "[n]o competent evidence exists in the record . . . on which to conclude that any of [Gee]'s unscheduled absences . . . should be disregarded or minimized in determining [Gee]'s compliance with the management leave guidelines." However, the hearing officer did not make any specific finding regarding Gee's compliance with the City's attendance policy. The report recommended that the City of Phoenix Civil Service Board (Board) sustain Gee's dismissal.

---

[1] City Personnel Rule 21b3 authorizes the City's Civil Service Board (Board) to "uphold the action of the appointing authority in disciplining an employee" when the "employee has violated any lawful or official regulation or order, or failed to obey any lawful and reasonable direction given him by his supervisor, when such violation or failure to obey amounts to insubordination or serious breach of discipline which may reasonably be expected to result in lower morale in the organization, or to result in loss, inconvenience, or injury to the City or the public" as grounds for upholding employee discipline.

[2] City Personnel Rule 21b18 authorizes the Board to uphold discipline when "the employee has been guilty of any other conduct of equal gravity to the reasons enumerated in 21b1 through 21b17."

**¶7**         Gee's appeal proceeded to the Board.  After reviewing the recommendations of the hearing officer and considering arguments from Gee's counsel, the Board sustained Gee's dismissal.  The Board found that, in addition to violating City Personnel Rules 21b3 and 21b18, Gee also violated Rule 21b8.[3]

**¶8**         Gee then filed a complaint for special action in superior court, requesting that "the decision of the [Board] be reversed."  In response, the City filed a Motion to Decline Jurisdiction, arguing special action jurisdiction was not appropriate because Gee failed to present any basis entitling her to such relief.  The superior court agreed and Gee timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, Arizona Revised Statutes (A.R.S.) section 12-120.21.A.4 (West 2016),[4] and Arizona Rule of Procedure for Special Actions 8.(a).

## DISCUSSION

**¶9**         "The decision to accept or reject special action jurisdiction is highly discretionary."  *Am. Fam. Mut. Ins. Co. v. Grant*, 222 Ariz. 507, 511, ¶ 9 (App. 2009).  We review a superior court's declination of special action jurisdiction for an abuse of that discretion.  *Files v. Bernal*, 200 Ariz. 64, 65, ¶ 2 (App. 2001).  A court abuses its discretion when "the record fails to provide substantial support for its decision or the court commits an error of law in reaching the decision."  *Id.*  A denial of special action relief "will be upheld for any valid reason disclosed by the record."  *State ex rel. Dean v. City Ct. of City of Tucson*, 123 Ariz. 189, 192 (App. 1979).  When the superior court declines jurisdiction of a special action without addressing the merits, we likewise do not reach the merits on appeal.  *State v. Johnson*, 184 Ariz. 521, 523 (App. 1994).  Rather, "the sole issue before us [is] whether that court abused its discretion when it declined to accept jurisdiction."  *Id.* (citation omitted); *see also Stapert v. Ariz. Bd. of Psychologist Exam'rs*, 210 Ariz. 177, 182, ¶ 22 (App. 2005).  The burden of proving whether special action jurisdiction is warranted lies with the party requesting relief.  *See Bd. of Cty.*

---

[3]         City Personnel Rule 21b8 permits the Board to uphold disciplinary action when "the employee has been absent without leave, contrary to these Rules, or has failed to report after leave of absence has expired, or after such leave of absence has been disapproved or revoked and cancelled by the appointing authority."

[4]         We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

*Supervisors, Santa Cruz Cty. v. Rio Rico Volunteer Fire Dist.*, 119 Ariz. 361, 364 (App. 1978).

¶10    Gee alleges the Board's decision was "arbitrary, capricious and contrary to law" and contends special action jurisdiction is appropriate because the hearing officer and the Board "exceeded their jurisdiction, made errors of law and abused their discretion." Specifically, Gee argues the superior court erred by failing to: properly interpret the terms of the LCEA, determine whether the City violated its own policies in its calculation of her absences, and determine whether the actions of the Board were arbitrary and capricious because it improperly interpreted the terms of the LCEA. Gee further contends there is no competent evidence supporting the calculation of absences or failure to improve her attendance record.

¶11    The City argues special action jurisdiction was not appropriate because Gee's termination was supported by the record and she failed to show relief was necessary. We agree.

¶12    Our consideration and review of the record on appeal is limited to whether there is "substantial support" for the superior court's denial of special action jurisdiction. *Files*, 200 Ariz. at 65-66, ¶ 2. Here, the court declined jurisdiction "[f]or the reasons stated in [the City]'s Motion [to Decline Jurisdiction] and Reply;" that Gee failed to show extraordinary relief was appropriate and the record supported her termination. Gee challenges the hearing officer and the Board's calculation of her absences as misinterpretation of the LCEA, essentially asking us to reconsider and reweigh evidence, so as to reach a different conclusion in her favor. This is a function we do not perform on appeal. *See Culpepper v. State*, 187 Ariz. 431, 436 (App. 1996) ("In reviewing factual determinations by an administrative agency, this court does not reweigh the evidence or substitute its judgment for that of the agency."). Additionally, neither the hearing officer nor the Board affirmatively determined whether Gee violated the attendance policy. Instead, findings were made that Gee violated City Personnel Rules 21b3, 21b8, and 21b18, and that the resulting discipline imposed was authorized.

¶13    Gee also contends the LCEA's resolution language, which provides that it operates as a "full and complete resolution" of her violations between August 19, 2013 and October 15, 2013, precludes consideration of any attendance issues prior to October 15, 2013. However, a calculation or consideration of Gee's alleged absences, interpretation of

the LCEA, and application of the City's attendance policy is not necessary to reach the hearing officer and the Board's conclusions.

¶14        According to Rule 21b, "[f]ailure to meet such standards of conduct and work performance for *any of the following* listed reasons . . . *shall be considered sufficient* by the Board to uphold the action of the appointing authority in disciplining an employee." (Emphasis added.).  Such conduct includes:

> failure to obey any lawful and reasonable direction given him by his supervisor, when such violation or failure to obey amounts to insubordination or serious breach of discipline which may reasonably be expected to result in lower morale in the organization, or to result in loss, inconvenience, or injury to the City or the public.

City Personnel Rule 21b3.

¶15        The City's leave policy provides that "[e]xcessive unscheduled absences from work can be disruptive and place a burden on co-workers and supervisors who must cover the absent employee."

¶16        Through the LCEA, Gee agreed to "fully comply and follow all City . . . [r]ules and policies, and follow all directives."  Gee's suspension notice provided explicit instructions not to accrue "any unscheduled non-FMLA absences between October 19, 2013 and August 26, 2014" to comply with leave guidelines.  Gee admits to at least one unscheduled absence between October 19, 2013 and August 15, 2014.

¶17        Evidence in the record supports the conclusion that Gee violated City Personnel Rule 21b3, as found by both the hearing officer and the Board.  Because any finding under Rule 21b "shall be considered sufficient . . . to uphold the action," we need not discuss the finding that Gee violated any other City Personnel Rule.[5]  Consequently, we cannot say the superior court abused its discretion in declining special action review.

## CONCLUSION

¶18        For the foregoing reasons, we affirm the superior court's denial of special action jurisdiction.  Gee requests attorney fees and costs on appeal; because she is not the prevailing party, we deny her request.  As the

---

[5]        Both the hearing officer and the Board found Gee violated 21b3.

6

prevailing party, the City is entitled to costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:   AA