NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

KARA JO WHITE, *Petitioner/Appellant*,

*v.*

HON. MARK ANDERSON, *Respondent Judge/Appellee*

STATE OF ARIZONA, *Real Party in Interest/Appellee*.

No. 1 CA-CV 16-0002
FILED 3-7-2017

Appeal from the Superior Court in Maricopa County
No. LC2015-000389-001DT
The Honorable Crane McClennen, Judge (Retired)

**AFFIRMED**

COUNSEL

Rosenstein Law Group, PLLC, Scottsdale
By Craig J. Rosenstein, James David Smith
*Counsel for Petitioner/Appellant*

Maricopa County Attorneys' Office, Phoenix
By Susan L. Luder, Daniel Strange
*Counsel for Real Party in Interest/Appellee*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Lawrence F. Winthrop joined.

---

**T H O M P S O N**, Judge:

¶1            Kara Jo White (defendant) appeals from the superior court's declination of special action jurisdiction following a justice court's denial of her motion to suppress evidence in her driving under the influence (DUI) trial. We find no error.

¶2            Defendant was arrested and charged with DUI after a law enforcement officer pulled her over for a window tint violation. According to testimony in the justice court evidentiary hearing, immediately upon the officer arriving at her vehicle window defendant attempted to hand the officer her car keys. She stated that she was "driving like a bitch." The officer testified as to her "mood swings" after pulling her over and to her sitting in a gas station blasting her music and revving her engine prior to the stop.

¶3            Defendant filed a motion to suppress her field sobriety test results due to the officer not having a reasonable suspicion to conduct a field sobriety search. That motion was denied. Defendant filed a special action with the superior court, which declined to accept jurisdiction finding that she had an adequate remedy on appeal if she was convicted at trial. Defendant filed in this court a "Petition For Review of a Special Action Decision of the Lower Court of Appeals."

¶4            We review the declination of special action jurisdiction by the superior court under an abuse of discretion standard. *Files v. Bernal*, 200 Ariz. 64, 65, ¶ 2, 22 P.3d 57, 58 (App. 2001). The superior court's stated reason for declining special action jurisdiction was that defendant had an adequate remedy on appeal if she were convicted. The minute entry states that an appeal is an adequate remedy, because otherwise "any Defendant who has a motion to suppress denied by a trial court could make that same claim, which would mean the appellate courts would have to resolve every search and seizure issue pretrial by means of a petition for special action. A review of the search and seizure cases

decided by the Arizona Appellate Courts shows this [is] not the case." The State included multiple legal citations supporting the accuracy of the superior court's statement. *See, e.g., Lind v. Superior Court*, 191 Ariz. 233, 235-36, ¶ 10, 954 P.2d 1058, 1060-61 (App. 1998) ("A petition for special action is not ordinarily an appropriate method of obtaining relief from the denial of a motion to suppress because the remedy by direct appeal is generally adequate."). We agree and find no abuse of discretion by the superior court. In addition, we do not find that any asserted issues of "novelty" here are of statewide importance requiring special action acceptance.

**¶5** For the above stated reason, the superior court's ruling stands.

