NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

RAYMOND J. CONROY, *Petitioner/Appellant*,

*v.*

STATE OF ARIZONA, et al., *Respondents/Appellees*.

No. 1 CA-CV 18-0483
FILED 2-27-2020

Appeal from the Superior Court in Maricopa County
No.  LC 2017-000503-001
The Honorable Kerstin G. LeMaire, Judge

**AFFIRMED**

APPEARANCES

Raymond J. Conroy, San Luis
*Petitioner/Appellant*

Arizona Attorney General's Office, Phoenix
By Patrick J. Boyle
*Counsel for Respondents/Appellees*

_____

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Kenton D. Jones and Judge D. Steven Williams joined.

_____

**B R O W N**, Judge:

¶1        Raymond Conroy appeals the superior court's order denying his petition for special action relief.  For the following reasons, we affirm.

**BACKGROUND**

¶2        Conroy is an inmate currently in the custody of the Arizona Department of Corrections ("ADC").   During a previous term of incarceration, Conroy was "permitted to make legal copies, use legal mail, purchase legal supplies, make utility charges and incur some medical expenses."  Because Conroy did not have sufficient funds in his inmate trust account ("ITA") to pay for the supplies/services he obtained, ADC placed "holds" on his ITA in excess of $1,200.  When Conroy was reincarcerated, he had $133 in his ITA.  He brought an additional $45 with him when he was transferred from the Maricopa County Jail to ADC upon being sentenced to prison in 2017.  ADC "suspended" both amounts until ADC collects the funds Conroy owes.

¶3        Conroy filed a special action petition alleging that ADC exceeded its legal authority by taking his $45.  In response, ADC explained in part that when Conroy was previously incarcerated, "ADC effectively fronted him the money" to pay for services and supplies, and ADC was "now exercising the legal right to recover these expenses from Conroy's ITA."   ADC also explained that pursuant to Department Orders 902.06 through 902.09, an inmate will be provided legal services and supplies regardless of ability to pay but that "if the inmate does not have the funds in his account at the time of the charge, a hold shall be placed on his account."  The response was also supported by the declaration of Linda Finchum, an ADC unit supervisor for ITAs.

¶4        In his reply, Conroy argued for the first time he did not owe any money to ADC because the funds that paid for his legal supplies came from funds generated by the inmate store rather than from taxpayer funds.

In response to this new argument, and to explain how inmate store proceeds ("ISP") are handled, ADC requested permission to file a declaration from ADC Controller Gergana Kovatcheva. Conroy objected to the filing as untimely, but the court granted the request.

**¶5**          After oral argument, the superior court issued an order denying Conroy's petition, finding in part that he did not dispute the underlying charges he incurred, and ADC acted within its authority by implementing rules "with regard to the collection of amounts owing on inmate accounts." Conroy timely appealed.

## DISCUSSION

**¶6**          Conroy argues the superior court abused its discretion when it denied his petition for special action because ADC produced no evidence of a debt, ADC's motion to file the additional declaration was untimely, and the court improperly considered records (a bill) reflecting information about Conroy's ITA.

**¶7**          To prevail on claims raised in a special action petition, a plaintiff must demonstrate: (1) "the defendant has failed to exercise discretion which he has a duty to exercise; or to perform a duty required by law as to which he has no discretion"; (2) "the defendant has proceeded or is threatening to proceed without or in excess of jurisdiction or legal authority"; or (3) "a determination was arbitrary and capricious or an abuse of discretion." Ariz. R.P. Spec. Act. 3. When a superior court rules on the merits of the complaint, "we determine whether it abused its discretion in granting or denying special action relief." *Files v. Bernal*, 200 Ariz. 64, 65, ¶ 2 (App. 2001). Generally, a court abuses its discretion when the record fails to provide substantial support for its decision or the court commits an error of law in reaching the decision. *Id.*

**¶8**          Conroy argues that ADC produced no evidence that he owed any money to ADC. The Finchum declaration, however, explained that when Conroy was previously incarcerated, ADC provided services and supplies to Conroy (known as inmate initiated transactions) when he did not have money in his ITA to pay for them. She stated that each item or service obtained under such circumstances is called a "hold" and that ADC kept a record of Conroy's expenses as "holds" to be collected later if he accumulated funds in his ITA in the future. As the superior court found, Conroy's petition "did not dispute the underlying charges," a finding he does not dispute on appeal. Thus, substantial evidence supports the court's decision.

**¶9** Conroy also contends the superior court erred in granting the ADC's motion to file the Kovatcheva declaration because it was untimely. The ADC requested permission to file its additional declaration in response to arguments Conroy made for the first time in his reply.[1] The court granted the request. On this record, the court acted within its discretion in granting the ADC's request to file the additional declaration. Even assuming the court erred, Conroy has not alleged, much less demonstrated, he was prejudiced by the declaration's filing.

**¶10** Finally, Conroy contends the superior court erred by allowing the ADC to introduce a "bill" at oral argument. However, the court expressly stated that it did not "admit or review" the documentation pertaining to Conroy's ITA that ADC referenced, but did not file with the court.

## CONCLUSION

**¶11** We affirm the superior court's order.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[1] Kovatcheva's declaration explained that A.R.S. § 41-1604.02 authorizes ADC to establish and maintain a store at any prison for inmates to purchase personal items. ISPs are deposited in the inmate store proceeds fund ("ISPF") and are used to make purchases when inmates do not have enough money in their ITA. If funds later become available in the ITA, the inmate must reimburse the ISPF.