NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DAVID C. SHINN, et al., *Plaintiffs/Appellants*,

*v.*

HAROLD MERKOW, et al., *Respondents/Appellees*.

No. 1 CA-CV 20-0575
FILED 6-22-2021

Appeal from the Superior Court in Maricopa County
No.  CV2020-003593
The Honorable M. Scott McCoy, Judge

**REVERSED AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Kirstin A. Story
*Counsel for Plaintiff/Appellant Shinn & Real Party in Interest/Appellant ADOC*

Jackson Lewis, LLP, Phoenix
By Jeffrey W. Toppel
*Counsel for Respondents/Appellees Merkow & ARPB*

Bihn & McDaniel, PLC, Phoenix
By Martin A. Bihn, Donna M. McDaniel
*Counsel for Real Party in Interest/Appellee Letona*

_____

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Randall M. Howe and Judge Maria Elena Cruz joined.

_____

**P E R K I N S**, Judge:

¶1          Arizona Department of Corrections ("ADOC") Director David Shinn appeals the superior court's order declining jurisdiction and dismissing his special action complaint. For the following reasons, we reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2          Carlos Letona worked as an ADOC corrections officer. In September 2019, Letona discharged chemical agents against an inmate and ADOC investigated. The warden determined Letona acted inappropriately and recommended to Shinn that he terminate Letona's employment. Shinn agreed and signed Letona's notice of dismissal.

¶3          Letona appealed his termination to the Arizona State Personnel Board ("Board"). The Board scheduled an appeal hearing and appointed Harold Merkow as hearing officer. At Letona's request, the Board subpoenaed Shinn to appear and testify at the hearing.

¶4          Shinn moved to quash the subpoena as unduly burdensome, but Merkow denied the motion. Shinn then filed a complaint in superior court seeking special action relief directing the Board and Merkow to quash the subpoena. In response, Letona moved the superior court to decline jurisdiction of Shinn's complaint and dismiss the action. The superior court declined jurisdiction and dismissed Shinn's complaint with prejudice. Shinn timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶5          Shinn argues the superior court erred by dismissing his special action complaint.

¶6          As an initial matter, Shinn asks us to review the superior court's order as a dismissal for failure to state a claim. We decline to do so.

Although the court dismissed Shinn's special action complaint "pursuant to [Letona's] Motion to Dismiss," it more importantly declined to accept jurisdiction. When the superior court declines to accept special action jurisdiction and thus, "does not rule on the merits, we determine only whether the court abused its discretion in declining jurisdiction." *Files v. Bernal*, 200 Ariz. 64, 65, ¶ 2 (App. 2001).

¶7 Shinn argues, for the first time in his reply brief, that the superior court abused its discretion in declining jurisdiction. Although arguments raised for the first time in a reply brief are generally waived, we exercise our discretion to address Shinn's argument. *See State v. Lopez*, 217 Ariz. 433, 438, ¶ 17 n.4 (App. 2008). A court abuses its discretion when the record does not contain substantial support for its decision. *Bernal*, 200 Ariz. at 65, ¶ 2.

¶8 Special action jurisdiction "is appropriate when no 'equally plain, speedy, and adequate remedy by appeal' exists." *State ex rel. Romley v. Fields*, 201 Ariz. 321, 323, ¶ 4 (App. 2001) (quoting Ariz. R.P. Spec. Act. 1(a)). Because Shinn had no right to appeal the Board's decision, a special action complaint represented his only means of relief. *See Schwartz v. Superior Court*, 186 Ariz. 617, 619 (App. 1996) (denial of a motion to quash subpoena is not an appealable order). And whether Merkow failed to perform a duty required by law is a proper issue for special action relief. *See* Ariz. R.P. Spec. Act. 3(a). Although Shinn facially meets the criteria for a permissible special action, determining whether the court abused its discretion requires us to briefly consider the merits of Shinn's undue burden claims.

¶9 Shinn's complaint alleges Merkow violated his statutory duty by failing to quash an unduly burdensome subpoena. The Board and Merkow are authorized to issue subpoenas. *See* A.R.S. § 41-783(B) ("The state personnel board may appoint a hearing officer to conduct the hearing and take evidence on behalf of the board and exercise the rights prescribed by § 12-2212"); *see also* A.R.S. § 12-2212 (authority to issue subpoenas). But Merkow must quash or modify a subpoena if it imposes an undue burden on the party being subpoenaed. *See* Ariz. R. Civ. P. 45(e)(2)(A)(iv).

¶10 The superior court erred by declining jurisdiction over Shinn's special action complaint because Merkow must quash the subpoena if it imposes an undue burden on Shinn. We therefore reverse the court's order and remand with instructions for the court to accept jurisdiction, develop the record as necessary, and decide the merits of Shinn's complaint.

**CONCLUSION**

**¶11** We decline to award fees under ARCAP 25, but Shinn may recover costs upon compliance with ARCAP 21. We reverse and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:    AA