NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of

JENNY CAROLINA LINARES BRICENO, *Petitioner/Appellee*,

*v.*

TOMAS ANTONIO AZNAR, *Respondent/Appellant*.

No. 1 CA-CV 22-0335 FC
FILED 1-12-2023

Appeal from the Superior Court in Maricopa County
No. FC2021-003375
The Honorable Richard L. Nothwehr, Judge *Pro Tempore (Retired)*

**AFFIRMED**

COUNSEL

Tomas Antonio Aznar, Phoenix
*Respondent/Appellant*

**MEMORANDUM DECISION**

Vice Chief Judge David B. Gass delivered the decision of the court, in which
Presiding Judge Samuel A. Thumma and Judge Cynthia J. Bailey joined.

¶1        Father, Tomas Antonio Aznar, appeals the superior court's grant of an amended order of protection. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        On June 1, 2021, mother, Jenny Carolina Linares Briceno, petitioned the superior court for an order of protection against father. In the petition, mother alleged father would routinely show up outside her apartment on days not listed in their temporary parenting time order, yell from the parking lot, and disrupt their daughter's schedule. Father continued this behavior despite mother asking him to stop. Mother further alleged father's behavior was "harassment and abusive," and it made her feel unsafe.

¶3        On June 2, 2021, the superior court granted the initial order of protection. The order of protection went into effect on June 17, 2021, after mother served father. Seven months later, on February 2, 2022, father requested an evidentiary hearing. After considering the evidence received at the hearing, including both parties' testimony, the superior court found father had "committed an act of domestic violence within the last year" and affirmed the order of protection as amended.

¶4        Father timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, A.R.S. §§ 12-120.21.A.1, -2101.A.1, and Rule 42(b)(2) of the Arizona Rules of Protective Order Procedure.

## DISCUSSION

¶5        Father contends the superior court's finding he committed an act of domestic violence is "unfair." To support his contention, father provides evidence not in the record on appeal, but he does not provide a transcript of the February 2022 hearing.

¶6        When a party claims the superior court's ruling is not justified by evidence, that party has a duty to furnish a transcript. *Retzke v. Larson*, 166 Ariz. 446, 449 (App. 1990). Without a transcript, this court will assume evidence supported the superior court's finding. *Id.* On the record before us, we cannot find the superior court abused its discretion. *See Reeck v. Mendoza*, 232 Ariz. 299, 302, ¶ 12 (App. 2013).

## CONCLUSION

¶7        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA