NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

RICHARD RYNN, *Plaintiff/Appellant*,

*v.*

AVONDALE COURT, CRAIG JENNINGS, et al, *Defendants/Appellees*.

No. 1 CA-CV 23-0092
FILED 12-12-2023

---

Appeal from the Superior Court in Maricopa County
No.  CV2022-011208
Avondale Municipal Court
No. P02019000235
The Honorable John R. Hannah, Judge

**AFFIRMED**

---

COUNSEL

Richard Rynn, Chandler
*Plaintiff/Appellant*

Office of the City Attorney, Avondale
By Stephen M. Kemp, Lisa Maxie-Mullins, Brandon James Cartwright, Nicholle Harris
*Counsel for Defendants/Appellees City of Avondale, Avondale City Court, Honorable Craig Jennings*

Littler Mendelson, P.C., Phoenix
By R. Shawn Oller, Kimberly Shappley
*Counsel for Defendants/Appellees First Transit and Patrick Camunez*

---

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Michael S. Catlett joined.

---

**C R U Z**, Judge:

¶1        Richard Rynn appeals the superior court's denial of special action jurisdiction over his previously-litigated claims against the City of Avondale, Avondale City Court, and Avondale City Court Judge Craig Jennings (collectively "Appellees"). We affirm.

### FACTS AND PROCEDURAL HISTORY

¶2        In 2019, Judge Craig Jennings issued an injunction against harassment ("Injunction") against Rynn as a result of his harassment of a coworker at their mutual place of employment, First Transit.  The Injunction was upheld after a hearing on the merits and Rynn appealed to the Maricopa County Superior Court where he fully litigated the matter.

¶3        Since May 2020, Rynn filed at least two other actions with the superior court relating to the same Injunction.  Both were removed to federal court, fully litigated, and dismissed with prejudice.  *See Rynn v. First Transit, Inc.*, 2:20-cv-01309-JJT, 2021 WL 3209665 (D. Ariz. 2021); *see also Rynn v. First Transit, Inc.*, 2:21-cv-01755-DWL, 2021 WL 6050312 (D. Ariz. 2021).

¶4        Then, in 2022, Rynn returned to the superior court belatedly seeking special action relief from its rulings in the appeal.  The superior court denied special action jurisdiction.

**¶5**        Rynn timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(1).

## DISCUSSION

**¶6**        As a preliminary matter we note that Rynn's opening brief fails to comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13.  ARCAP 13(a)(7)(A) requires an argument that includes "contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the [] record."  "We consider waived those arguments not supported by adequate explanation, citations to the record, or authority." *In re Aubuchon*, 233 Ariz. 62, 65, ¶6 (2013).

**¶7**        Rynn identifies over thirteen issues for review on appeal, but his arguments are not supported by adequate explanation, citations to the record, or citations to relevant authority.  Additionally, Rynn's arguments rely on factual assertions not found in the record.

**¶8**        To the extent that Rynn's opening brief can be read to appeal the superior court's denial of special action jurisdiction over his belated filing, we hold the superior court did not abuse its discretion.  "A court's decision to decline or accept special-action jurisdiction is discretionary." *Stapert v. Ariz. Bd. of Psychologist Examiners*, 210 Ariz. 177, 182 (App. 2005).  "If the superior court declines jurisdiction of the special action and does not rule on the merits, we determine only whether the court abused its discretion in declining jurisdiction." *Files v. Bernal*, 200 Ariz. 64, 65 (2001).  "Generally, a court abuses its discretion where the record fails to provide substantial support for its decision, or the court commits an error of law in reaching the decision." *Id.*

**¶9**        The superior court denied special action jurisdiction, explaining there was no legal basis for the action and that city judges enjoy absolute judicial immunity in judicial acts.

**¶10**        Like in his briefs on appeal, Rynn failed to state discernible claims in his petition for special action before the superior court.  To the extent the superior court denied Rynn's petition for failing to state an appropriate ground for relief under Arizona Rule of Civil Procedure 60 ("Rule 60"), that ruling was not an abuse of discretion.  Rule 60 lists the grounds for relief from judgment. Depending on the grounds alleged, Rule 60(b) motions must be made within a reasonable time or "no more than 6 months after the entry of the judgment […]."  Rynn's special action was

filed three years after the Injunction was issued. All potentially applicable grounds for relief in Rule 60 are now time barred except for that of relief from a void judgment.

**¶11**         A judgment is void when the issuing court lacks jurisdiction. *Master Financial, Inc. v. Woodburn*, 208 Ariz. 70, 74, ¶19 (App. 2004). Rynn has not demonstrated, or even argued, that the city court lacked jurisdiction to entertain the matter of the Injunction. The superior court did not abuse its discretion in denying the motion for special action on this basis.

**¶12**         The superior court further noted that any claims against Judge Jennings related to his issuance of the Injunction were barred by the doctrine of judicial immunity because his entry of the Injunction was plainly a judicial act. "[T]he judiciary, in carrying out its functions, is entitled to absolute immunity." *Acevedo by Acevedo v. Pima County Adult Probation Dept.*, 142 Ariz. 319, 322 (1984). Therefore, the superior court did not abuse its discretion when it also denied special action jurisdiction on this basis.

**¶13**         The City of Avondale, Judge Craig Jennings, First Transit, Inc., and Patrick Camunez all request an award of attorneys' fees under A.R.S. § 12-349. Attorneys' fees may be imposed against a party who brings a claim without substantial justification. A.R.S. § 12-349. As defined in the statute, a claim lacks substantial justification when it is both "groundless" and "not made in good faith." A.R.S. § 12-349(F). "While groundless is determined objectively, bad faith is a subjective determination." *Takieh v. O'Meara*, 252 Ariz. 51, 61, ¶37 (App. 2021). "A claim is groundless if the proponent can present no rational argument based upon the evidence or law in support of that claim." *Id.* (citation and internal quotation marks omitted).

**¶14**         Rynn's appeal of the special action is groundless and not made in good faith. As discussed above, Rynn provides no legal basis for his pursuit of special action relief years after a final judgment was entered and appealed. Rynn has fully litigated his claims related to the Injunction and each has been finally determined. *See Rynn v. First Transit*, 21-16836, 2022 WL 17176487 (9th Cir. 2022); *Rynn v. First Transit, Inc.*, 2:20-cv-01309-JJT, 2021 WL 3209665 (D. Ariz. 2021); *Rynn v. First Transit, Inc.*, 2:21-cv-01755-DWL, 2021 WL 6050312 (D. Ariz. 2021); *Rynn v. First Transit Inc.*, CV-21-01755-PHX-DWL, 2022 WL 287003 (D. Ariz. 2022). Rynn's continuous appeals without a legal basis cannot be considered to be made in good faith. Therefore, we grant Appellees' request for attorney's fees upon compliance with ARCAP 21.

## CONCLUSION

¶15 We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA